## HENRY C. ROBERTS V. C. PALMORE.

CHARGE OF THE COURT.—It is not error for the court to instruct the jury to find attorney's fees as reasonable costs, where the contract stipulated that the "expenses of collecting the debt" shall also be paid.

APPEAL from Cass.   Tried  below before the Hon. J. D. McAdoo.

*F. M. Henry*, for appellant.

*Vaughan*, and *Mason & Campbell*, and *Walton & Green*, for appellee.

DEVINE, ASSOCIATE JUSTICE.—Appellee, as the assignee of Blaylock and wife, recovered a judgment for the unpaid balance of the purchase money of a tract of land sold by Blaylock and wife to appellant, he having at the time of purchase executed his note and an instrument in the ordinary form of a mortgage to secure the payment of the same, with a stipulation to pay Blaylock all expense incurred in collecting the debt.   Appellee likewise obtained a judgment for seventy-five dollars, attorney's fees for collecting the debt, with a decree enforcing the vendor's lien.

Appellant assigns as error: "1st. The court erred in re-
fusing to give the special instructions asked by the defend-
ant, Roberts." The court, in the charge to the jury, gave
in substance the instruction asked by defendant, namely,
that the evidence must show that the note sued on was
given in consideration of the purchase money of the land
described in plaintiff's petition, and if so, the jury would
find the land was liable for the debt. There was conse-
quently no error in refusing to give the charge asked for
defendant. The second assignment is that "the court erred
in refusing to grant a new trial herein." The grounds set
forth in the motion for a new trial were that the verdict
was not supported by the testimony, because there was no
proof that the note sued on was given for or in considera-
tion of the land mentioned in plaintiff's petition, nor any
proof identifying the note with the sale of the land, and
that the testimony was wholly insufficient to establish the
vendor's lien. The evidence showed that the sale of the
land from Blaylock and wife to appellant was executed on
the same day that the note and mortgage were executed
in their favor by appellant. The instruments executed by
the parties showed that Blaylock's sale and Roberts' mort-
gage covered or included the same tract. The plaintiff's
petition charged that the note was given for the unpaid
portion of the purchase money, described the land, claimed
a vendor's lien, and prayed for a judgment and decree
against the land described. Beyond a general denial, the
defendant did not attempt to controvert the averments of
the petition, and on the trial of the cause declined to in-
troduce any evidence. Under the evidence and all the
circumstances attending this case the verdict of the jury
was proper, and the court did not err in overruling the
motion for a new trial. The third assignment is, that
"the court erred in instructing the jury to find the attor-
ney's fees as reasonable costs, and then rendering a judg-
ment upon the finding of the jury of seventy-five dollars

for the attorney's fees. This assignment has no force. Appellant had agreed to pay the expenses of collecting the debt, and it was shown in evidence that seventy-five dollars was the amount of plaintiff's expense in collecting the debt by suit.

The judgment is affirmed.

AFFIRMED.