Statement of the case.

[No. 1528.]

W. Pittman *v.* The State.

1. Affidavit — Information.—In a prosecution by information for hog theft, the defense moved to quash the affidavit and information because the affidavit did not allege that the hog was "fraudulently" taken. The information, however, contained that allegation, and the affidavit alleged that the defendant "did feloniously steal, take and carry away," etc. *Held*, that as substantial conformity without technical particularity is sufficient in the supporting affidavit for an information, the exception to the affidavit was not tenable.

2. Same.—The information failed to allege the value of the hog. *Held*, that inasmuch as the value determined whether the theft was a felony or a misdemeanor, and affected the legal penalty for the offense, it was necessary that the information should allege a value; and it was defective without such an allegation, notwithstanding a value was alleged in the affidavit on which the information was based.

3. Same.—Though the material allegations of an information must conform to those of its supporting affidavit, yet the information must be self-sufficient, irrespective of the affidavit on which it is based. If necessary allegations be wanting in the information, they can not be supplied by the affidavit; for the accused must plead to and be tried upon the charge in the information, and not on the allegations of the affidavit.

4. Practice in the Court of Appeals.—When the record on appeal shows that the conviction was had upon an insufficient information, but that the supporting affidavit was sufficient, this court will not dismiss the prosecution, but remands the cause to enable the proper officer to file a good information on the affidavit.

Appeal from the County Court of Harrison. Tried below before the Hon. W. T. S. Keller, County Judge.

This appeal is from a conviction for hog theft, wherein the verdict and judgment assessed appellant's punishment at imprisonment for ten days in the county jail, and a fine of twenty-five dollars.

The prosecution was instituted by the affidavit of Lewis D. Hoenes, wherein it was alleged that Willis Pittman, in the county of Harrison and State of Texas, on the eleventh day of December, A. D. 1882, "did then and there feloniously take, steal and carry away from and out of the possession of this affiant one hog, the same being swine, of the value of five dollars,

the property of this affiant, without his consent, with the intent to appropriate said hog to the use and benefit of him the said Willis Pittman, and deprive the owner of the value thereof; contrary," etc.

The information in its corresponding allegations charged that the accused "did then and there fraudulently and feloniously take, steal and carry away" the hog, but failed to allege any value to the animal.

The defense moved to quash both affidavit and information, because the former did not charge that the property was fraudulently taken, and because the information and the affidavit were materially different, etc. The motion was overruled and the defense reserved exceptions to the ruling.

The cause proceeded to trial on the plea of not guilty, with the result already stated. The rulings of this court do not involve the evidence, and there is no occasion to narrate it here. A new trial being refused, the defendant appealed.

*A. Pope,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This appeal is from a conviction for the theft of a hog, the prosecution being by information.

1. It is objected to the affidavit upon which the information is founded, that it does not charge that the taking of the hog was *fraudulent,* and therefore does not charge any offense against the law. It is charged in the affidavit that the defendant "did feloniously take, steal and carry away, from and out of the possession of the affiant, one hog," etc. Even if it were conceded to be essential that an indictment or information for theft must allege that the property was fraudulently taken, still the omission of that particular word in an affidavit would not vitiate it. The particularity requisite in an indictment or information is not necessary in the affidavit on which an information is founded. Substantial compliance with the provisions of the Code is all that is required in such an affidavit. (*Cole* v. *The State,* 11 Texas Ct. App., 67; *Brown* v. *The State,* Id., 451.) We think the affidavit in this case is in substantial compliance with the law, and is sufficient. It is alleged in the information that the property was fraudulently taken, and hence we are not called upon to determine whether the word "feloniously," used in an indict-

ment or information for theft, instead of the statutory word "fraudulent," would be sufficient. (See *Musquez* v. *The State,* 41 Texas, 617; *Muldrew* v. *The State,* 12 Texas Ct. App., 617.)

2. Among the several exceptions to the information and affidavit there is one which, in our opinion, is well taken, and this reaches only to the information. There is no allegation in the information of the value of the hog charged to have been stolen. Whenever the value of a stolen article affects the penalty for the offense, such value must be alleged and proved. (*Sheppard* v. *The State,* 1 Texas Ct. App., 522; *Meyers* v. *The State,* 4 Texas Ct. App., 121; *Simpson* v. *The State,* 10 Texas Ct. App., 681.) In this case it depends upon the value of the property stolen whether the theft is a felony or a misdemeanor, and this question can only be determined and the punishment of the offender regulated by allegation and proof of such value. (Penal Code, Art. 748.)

3. While it is true in this case that the affidavit alleges the value of the hog, this does not supply the omission of such allegation in the information. It is the allegations in the information, not those in the affidavit, that the defendant must plead to and be tried upon. An information, as to all material, substantial matters, must be complete within itself, without reference to the affidavit upon which it is based, and it must conform to the affidavit in all material allegations. (*Stinson* v. *The State,* 5 Texas Ct. App., 31.)

Because the information is defective in the particular mentioned, the judgment must be reversed, but the prosecution will not be dismissed, because the affidavit is a sufficient one and another information may be brought upon it. (*Goode* v. *The State,* 2 Texas Ct. App., 520.) The cause is therefore remanded to enable the county attorney to file another information, should he see proper to do so.

*Reversed and remanded.*

Opinion delivered October 17, 1883.