Opinion by
White, P. J.
§ 554. Attachment; writ of, must run in the name of “The State of Texas.” This was an attachment suit in which the writ of attachment that issued commenced as follows: “To the sheriff or any constable,” etc., omitting the words “'The State of Texas,” in the style of the writ. Held: It is provided by the constitution that the style of all writs and process shall be, “The State of Texas.” [Const, art. 5, sec. 12; R. S. arts. 162, 163, 1568.] No court has authority to dispense with that which the constitution requires. [State v. Durst, 7 Tex. 74; Cox v. State, 8 Tex. App. 254.] This objection to the writ having been made in limine, at the earliest practicable moment, was properly sustained. [Portis v. Parker, 8 Tex. 23.]
§ 555. Same; writ of, must notissue until suit has been instituted. This suit was brought in justice’s court. The writ of attachment issued on the 5th of June, and the citation did not issue until the 16th of same month. Held: It is expressly provided that “no such writ shall issue until the suit has been duly instituted.” [R. S. art. 154.] The suit was not instituted until the citation issued. [R. S. art. 1569.] Hence, the writ of attachment was issued without authority of law.
§ 556. Jurisdiction of justice’s court; amount in controversy. This suit was upon a promissory note for the *494 sum of $198.40 with ten per cent, interest, and ten per cent, attorneys’ fees if collected by law. The writ of attachment commanded the seizure of property of value sufficient to make the sum of $225 and costs. The citation claimed the principal debt and interest, and also the ten per cent, attorneys’ fees stipulated for in the note. The principal debt and the ten per cent, attorneys’ fees aggregate more than $200. Held: The ten per cent, attorneys’ fees was a part of plaintiffs’ cause of action, was claimed as such in the suit, and constituted a part of the amount in controversy. [Ante, § 352.] “ Such fees, though not an element of damages in an ordinary suit for the collection of money, can be made such by express contract.” [Roberts v. Palmore, 41 Tex. 617; Miner v. Paris Ex. Bank, 53 Tex. 559.] When expressly contracted for, and sought to be recovered in a suit on the contract, they are a part of the contract, and must be considered in estimating the amount in controversy in determining the jurisdiction of the court. The court did not err in quashing the attachment proceeding, nor in sustaining the plea to the jurisdiction' of the court.
February 21, 1885.
Affirmed.