LADD M. WATERS & BRO. v. SAMUEL WALKER.

(No. 3861.)

APPEAL from Delta County.     Opinion by WHITE, P. J.

E. H. BENNETT, counsel for appellants.

No counsel appeared for appellee.

§ 268. *Justices' courts, jurisdiction of; in suit on note, attorney's fee stipulated for in the note is part of the "amount in controversy."*   This suit originated in a justice court, and was brought upon a note for $200, together with interest after maturity at the rate of ten per cent. per annum, and ten per cent. attorney's fees in case of legal proceedings to enforce collection. Judgment was rendered in both the justice court and the county court, to which the cause was subsequently appealed, in favor of defendant, and from the judgment of the county court this appeal is prosecuted to this court.   Appellee here submits a motion to dismiss the appeal because the note sued upon shows that the amount in controversy exceeds the jurisdiction of the justice court, and that the justice not having jurisdiction, the county court acquired none, and that none has been conferred upon this court by this attempted appeal, both of said lower courts having had no jurisdiction.   By our constitution the jurisdiction of justices of the peace in civil matters is limited to cases where the amount in controversy is $200 or less, exclusive of interest.   [Const., art. 5, § 19.]   In the case of McRae v. Robinson, 2 Civil Cas. Ct. App., § 556, where the suit was upon a note in which the principal debt and ten per cent. attorney's fees aggregated more than $200, it was held the ten per cent. attorney's fees was a part of the plaintiff's cause of action, and constituted a part of the amount in controversy.   [Citing 2 Civil Cas. Ct. App., § 352.]   Such fees, though not an element of damages in such a suit for the collection of money, can be made such by express contract.   [Roberts v. Palmore, 41 Tex. 617; Miner v. Bank, 53 Tex. 559.]   When expressly contracted for and sought to be recovered on a suit on the contract, they are part of a contract, and must be considered in estimating the amount in controversy, in determining the jurisdiction of the court.   It is clear, from the law as thus quoted, that the justice of the peace had no juris-

diction of the amount in controversy in the case in hand, the amount being more than $200, and that the county court could acquire none by appeal from the judgment in the justice court, and that this court can acquire no jurisdiction in said case on appeal from the county court, further than is necessary to reverse the judgment of the county court, with an order that the suit be dismissed in the courts below.

December 9, 1891.              Reversed and dismissed.