THE GREAT WESTERN TELEGRAPH COMPANY, for use, etc.

$\overline{154}$ $\overline{437}$
61a 582

*v.*

CHARLES MEARS.

*Filed at Ottawa November 27, 1894.*

1. EVIDENCE—*pleadings forming part of decree which has been intro-duced, competent.* The pleadings upon which a decree introduced in evidence by plaintiff was based, and an order allowing persons to intervene as plaintiffs, with one allowing an amendment, are ad-missible in behalf of defendant, especially as the pleadings are a part of the decree which plaintiff had offered.

2. SAME—*when allowance of leading question not reversible error.* The admission of evidence as to what was said in relation to a final set-tlement of the claim in suit, in response to a somewhat leading question, is not reversible error, where the party examined as a witness had a right to state anything that occurred at the time.

3. SAME—*charter of plaintiff corporation may be offered by defendant.* The admission, on the part of defendant, in a suit by a corporation, of a certified copy of the articles of incorporation, is not error pre-judicial to the plaintiff, where its declaration alleges such incorpo-ration.

*Great Western Telegraph Co.* v. *Mears*, 54 Ill. App. 667, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. RICHARD W. CLIF-FORD, Judge, presiding.

This was an action brought in the circuit court of Cook county, in the name of the Great Western Tele-graph Company, for the use of Elias R. Bowen, receiver, against Charles Mears, as a stockholder, to recover an alleged assessment on one' hundred shares of stock in the company, which, as is alleged, were subscribed for by the defendant. The action was assumpsit, predicated on a contract, as follows, omitting the caption:

"We, the subscribers hereunto, for value received, sev-erally, but not jointly, agree to take the number of shares in the capital stock of the Great Western Telegraph Com-pany placed opposite our respective names, and pay for

the same in installments, to-wit, five per cent on amount paid in, and the balance as the directors, from time to time, may order; in consideration thereof the Great Western Telegraph Company agrees that when forty per cent of the par value of the shares shall have been paid under such orders, and the installment receipts therefor surrendered to the company, the number of shares severally subscribed by the undersigned shall be issued to them as full paid stock by the said company.

"................is appointed agent to solicit stock, and receive only the first installment of five per cent (fifty cents on a share) at the time of subscribing.

J. SNOW, <em>Secretary.</em>"

Under appropriate headings, and appended to this contract, was the following: "C. Mears & Co., Chicago, Ill., June 22, 1868; one hundred (100)."

To the declaration the defendant pleaded the general issue, sworn to, and on a trial before a jury a verdict was returned in favor of the defendant, upon which the court entered judgment. To reverse the judgment the plaintiff removed the record to the Appellate Court, where the judgment of the circuit court was affirmed, and the plaintiff has brought the record here to review the judgment of the Appellate Court.

THOMAS J. SUTHERLAND, for plaintiff in error.

HENRY C. NOYES, for defendant in error.

CRAIG, J.: The main question presented by this record is purely a question of fact. The defendant, by his sworn plea, denied the execution of the subscription upon which the action was brought, and the controverted question before the jury was whether the defendant had signed the subscription paper put in evidence, or whether he had authorized his name to be signed, or whether he had ratified the subscription after it had been made. Upon the question of fact thus presented

the respective parties introduced their evidence, and the jury found in favor of the defendant. The court entered judgment on the finding, and that judgment was affirmed in the Appellate Court.

It will not be necessary to cite authorities to show that the judgment of the Appellate Court is final and conclusive on the questions of fact, and we shall not enter upon a discussion of those questions, although a large portion of counsel's argument is devoted to the discussion of facts.

It is also claimed that the trial court erred in its rulings during the progress of the trial, and in consequence of such errors the judgment should be reversed. These alleged errors will be considered in the order in which they have been presented.

Soon after the action was brought the defendant interposed several pleas to the declaration, but the execution of the instrument sued on was not put in issue. On the 10th day of November, 1893,—four or five days before the trial commenced,—the defendant entered a motion, supported by affidavit, for leave to file a plea denying the execution of the instrument upon which the action was brought. The court allowed the motion, and, we think, properly. The defendant had the right to file such pleas as were necessary to present his defense, and if the pleas first filed were not sufficient for that purpose, no reason is perceived why he might not file other pleas. If the filing of the plea at the time it was filed resulted in a surprise to the plaintiff, the court, no doubt, on its application, would have postponed a trial for such a reasonable time as might enable it to be ready to meet the issue presented by the plea; but no postponement was asked or desired.

On the trial the plaintiff read in evidence a decree of the circuit court of Cook county, made and entered in the case of Jeremiah Terwilliger *et al.*, against the Great Western Telegraph Company *et al.*, on the 10th day of

July, A. D. 1886, ordering an assessment upon the stock-
holders of the plaintiff of thirty-five per cent of the par
value of the shares of its stock subscribed for by them.
After the decree had been admitted in evidence for the
plaintiff, the defendant offered in evidence a certified
copy of the original bill filed by Terwilliger, with the ex-
hibits thereto, and the answer and amendments thereto,
and the replication to the answer, the order granting the
petition of several persons to become plaintiffs, and the
order of the court allowing said amendment, in the case
wherein Terwilliger and others were plaintiffs and the
Great Western Telegraph Company and others were de-
fendants.   The court admitted these papers in evidence,
and the decision is relied on as error.   We perceive no
valid objection to the evidence.   The decree, which the
plaintiff itself had put in evidence, was predicated on the
pleadings in the case, and if the decree was competent
evidence the pleadings were also competent.   Indeed,
they were a part and parcel of the decree, and as such
they were proper for the consideration of the jury.

The plaintiff introduced evidence tending to prove
that the defendant, on the 14th day of February, 1881,
made a payment on the subscription,—a part in money
and a part by transferring to the company a certain claim
that one Eames held against the company.   In order to
explain this transaction the defendant testified in his
own behalf, as follows:

Q. "Mr. Mears, I call your intention to this writing
here, 'C. Mears & Co.,' and ask you whether you ever
signed that [referring to the contract of subscription.]

A. "I did not.

Q. "What did you do, if anything, in regard to pay-
ment of any money to these people?

A. "On February 14, 1881, late in the day, I rode to
Gen. Smith's office, on LaSalle street, and I signed a
paper by the direction of Gen. Smith.   Mr. Sutherland,
I think, was there at the time.   I don't remember who

else. I signed a paper which I was given to understand, and did understand, was the final settlement. I really can't remember the conversation. It was late in the afternoon, and they seemed to have the matter all fixed up. I paid whatever my attorney advised, and signed the paper, and I always supposed it was final.

(Counsel for plaintiff moved to strike from the record the latter part of the answer of witness.)

The court: "That may be struck out. If there was anything said there, at that time, about this being a final settlement, tell the jury what was said.

Mr. Noyes : "I will adopt that question.

(Counsel for plaintiff objects as leading. Objection overruled, and exception by plaintiff.)

The court: "Give the substance of what you recollect.

A. "Well, the substance is, that it was a final settlement. I signed the document to avoid litigation—to get rid of a lawsuit."

It may be that the question was somewhat leading, and its form, perhaps, should have been changed. But the witness had the right to state anything that occurred at the meeting, relating to the matter which was settled or adjusted, and we do not think any prejudicial error was committed in the ruling of the court on the admission of the evidence.

It is also claimed that the court erred in allowing the defendant to read in evidence a certified copy of the articles of incorporation. We are unable to perceive in what manner the plaintiff was injured by this evidence. Plaintiff sued as a corporation, and alleged in its declaration that it was organized in 1867. In the declaration will be found the following : "The Great Western Telegraph Company, a corporation duly organized and existing under the laws of the State of Illinois, plaintiff in this suit, for the use of Elias R. Bowen, its receiver, by Thomas J. Sutherland, its attorney, complains of Charles Mears and Ephraim H. Denison, co-partners, doing business under

the firm name and style of C. Mears & Co., defendants in this suit, who have been duly summoned, of a plea of trespass on the case on promises.    For that, whereas, the plaintiff is a corporation, and was organized in the year 1867, under and by virtue of a law of the State of Illinois providing for the establishment of telegraphs, which was enacted and went into effect in the year 1849, and having a capital stock of three million dollars ($3,000,000), divided into shares of the par value of twenty-five dollars ($25) each, the subscriptions and payments for which stock by its subscribers and stockholders constituted, and constitute, the means and fund for the prosecution of the plaintiff's business and the payment of its debts." The defendant introduced evidence to establish the identical fact which the plaintiff had averred in its declaration, and upon what ground plaintiff can complain that it has been injured by evidence proving a fact which it has admitted in its declaration, is not readily perceived.

At the request of the defendant the court gave to the jury five short instructions, and in the argument of plaintiff in error they are all claimed to be erroneous.    It will serve no useful purpose to consider the objections made to the instructions in detail.    We think the instructions are based on the evidence.    They are plain, and we find nothing contained in any of them calculated to mislead the jury, and we do not think the court erred in giving them.

We regard the judgment of the Appellate Court as correct, and it will be affirmed.

*Judgment affirmed.*