# William Foley v. William Foley.

1. PARENT AND CHILD—*Action by a Child for Maltreatment.*—A child can not maintain an action for damages on account of maltreatment against a parent, whether the relation is by blood or created by adoption under the statute, followed by all the legal consequences and incidents of the natural relation.

2. SAME—*The Relation Can Not Be Created by Agreement.*—It is not in the power of the mother and the uncle of a child to create the relation of parent and child between the uncle and child, and put the child in the position of a natural child of the uncle by an agreement to that effect.

3. ADOPTION OF CHILDREN—*Nature of the Proceedings.*—Proceedings to adopt a child do not belong to the general jurisdiction of the County Court, nor are they in accordance with the usual form of the common law or chancery proceedings, but are under a special statute, and are to be exercised in a special and summary manner. In such proceedings the record must show upon its face everything that is necessary to sustain the jurisdiction of the court.

4. SAME—*Petition Jurisdictional.*—The statute relating to the adoption of children requires a petition by the person desiring to adopt the child and such petition is jurisdictional.

5. SAME—*Order Founded on a Defective Petition Void.*—In proceedings for the adoption of children, the statute requires a petition, and without such a petition complying with the statute, the proceedings and orders are void and may be attacked in a collateral proceeding.

6. CUSTODY OF CHILDREN—*Violation of Agreements Concerning.*—Where a mother left an infant child with its deceased father's brother, under an agreement that the child should be received into his family and clothed and educated, the uncle necessarily acquired such power of control of the person of the child as was incident to family government, and there can be no recovery for injuries inflicted in the exercise of such rights, but the uncle can not violate the agreement and repudiate its obligations without civil responsibility.

Trespass, for assault and battery. Appeal from the Circuit Court of Grundy County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed May 28, 1895. Rehearing denied December 4, 1895.

E. L. CLOVER and S. C. STOUGH, attorneys for plaintiff in error.

CORNELIUS REARDON and HALEY & O'DONNELL, attorneys for defendant in error.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Plaintiff in error, a minor, brought suit charging defendant in error, in the various counts of the declaration, with assault and battery; with wrongfully requiring plaintiff, as his servant, to use and drive a vicious horse, by which he was kicked and permanently injured; and with neglect to furnish medical attendance or surgical aid at the time of such injury.

It was proved at the trial that plaintiff, when a child of four years, was left, after the death of his father, with the defendant, his uncle, by his mother, who afterward went to Bloomington, Illinois. She was married to a man named Pemberton. Plaintiff lived with defendant about fourteen years, and during that time his mother lived at Bloomington and visited him at defendant's residence each year, except three or four, when prevented by sickness. At the expiration of that time, defendant wrote to her to come and get her son, as he did not amount to a pinch of snuff, and defendant would not put up with him any longer. She went to Grundy county where defendant lived, and took plaintiff home with her. His right arm had been broken and dislocated some years before and he was crippled in that arm.

One of the lower bones of the arm had been broken, and the fracture not being reduced, it had partly grown together on the joint, and the other bone had been dislocated and the dislocation not reduced.

The plaintiff was taken by defendant from his mother under an agreement with her, which she stated to be that he would clothe and educate plaintiff, and was to have him until he was twenty-one years old, when he would set him out in life. Defendant's version of the contract was, that he asked her if she was going to let him have Willie to raise, and that, when she subsequently brought plaintiff to his house, she said that now he wanted Willie, there he was,

that she had brought him. The evidence for plaintiff was, that defendant beat him severely on several occasions; that he was kicked by a horse in 1889, occasioning the injury to his arm; that he carried the arm in a sling for some time, and that no medical attendance or surgical aid was furnished, for want of which the arm was permanently injured. The defendant denied the beating, and although the injury to the arm necessarily produced swelling and great pain, with inability to use it for a considerable time, he claimed that he did not know that there was anything wrong with it until July, 1891.

Defendant also offered in evidence an order of the County Court of Grundy County, made at the June term, 1879, declaring plaintiff to be his adopted child. The order was admitted against the objection of plaintiff. No petition for the adoption was shown conferring jurisdiction to make any order touching the matter. Plaintiff, for the purpose of impeaching the order, offered in evidence the petition upon which it was founded, but the court excluded said petition, refused all instructions asked by plaintiff, and gave to the jury the following :

"1. The court instructs the jury that if a parent, or one sustaining that relation to a child, treats that child inhumanly and cruelly, so as to injure it in health or limb, the parents are subject to criminal prosecution, and on conviction punished by fine or imprisonment in the penitentiary for a term of not exceeding five years. But the child can not maintain a civil action for damages against its parents for such injury. This rule of law, as the court conceives, is founded upon consideration of public policy, affecting family government; that is, that the child shall not contest with the parent the parent's right to govern the child.

2. If the jury believe from the evidence that the mother of plaintiff gave the plaintiff, or left plaintiff, when he was about four years old, with defendant, under an arrangement that defendant should keep and rear plaintiff as his child, then defendant was in law the parent of plaintiff, and subject to the law governing the relation of parent and child,

and plaintiff can not, under such circumstances, maintain this action.

3. And the jury are further instructed that the decree offered in evidence from the County Court of Grundy County, in relation to the adoption of plaintiff by defendant, established, in law, the relation of parent and child between defendant and plaintiff.

Under the law, as stated by the court in this instruction, the jury will have to return a verdict for defendant, and the form of your verdict will be as follows: 'We, the jury, find the defendant not guilty.'"

A verdict was returned in accordance with the direction given and judgment was entered accordingly.

It is doubtless the law, that a child can not maintain an action for damages on account of maltreatment against a parent, whether the relation is by blood or created by adoption, under the statute, followed by all the legal consequences and incidents of the natural relation. By the instruction given, the jury were told that the decree in question established the relation of parent and child between the parties, with those consequences and incidents, and that therefore they should return a verdict for defendant.

The adoption of children is unknown to the common law. The principle of adoption is taken from the Roman law, and is solely the creation of statutory enactment. The proceeding does not belong to the general jurisdiction of County Courts, nor is it in accordance with the usual form of common law or chancery proceedings; but it is under the special statute and to be exercised in a special and summary manner. In such cases it is the rule that the record must show upon its face, everything that is necessary to sustain the jurisdiction of the court. This rule was laid down in Haywood v. Collins, 60 Ill. 328, upon a full review of the decisions in this and other States. That case was cited and approved in Johnson v. Von Kettler, 84 Ill. 315.

The rule is general and well settled. 12 Am. & Eng. Enc. Law, 276; Black on Judgments, Sec. 279.

The statute under which the attempted adoption of

plaintiff was had, requires a petition by the person desiring to adopt a child, and such petition is jurisdictional. The second section of the act is as follows:

" The petition shall state the name, sex and age of the child sought to be adopted, and if it be desired to change the name, the new name, the name and residence of the parents of the child, if known to the petitioner, and of the guardian, if any, and whether the parents or the survivor of them, or the guardian, if any, consents to such adoption." There was no petition in evidence nor any recital in the judgment of any petition stating such jurisdictional facts.

The statements of the petition offered in evidence by plaintiff, were as follows: " Your petitioners, William Foley and Bridget Foley, his wife, of Nettle Creek, in said county, would respectfully show unto your honor, that they are residents of said county, and desirous of adopting a child so as to render it capable of inheriting their estate; that the name of said child is William Ambrose Foley; that it was of the age of four years on the 4th day of July last, and is a male child. And further, that your petitioners desire the name of said child be not changed. Your petitioners would further show unto your honor, that the father of said child is dead, and that the mother of said child has abandoned him and left him with your petitioners for more than a year last past. That said child is a son of a brother of petitioner, and that it would, therefore, be to the interest of said child to become the adopted child of your petitioners." The petition was sworn to by defendant, and it failed to state the name or the residence of plaintiff's mother, or whether she, as survivor, consented to the adoption. Her residence was well known to the petitioner, and there was no statement to the contrary.

The case of Barnard v. Barnard, 119 Ill. 92, was decided under a prior statute, and it was said that it did not require the facts omitted from the petition in that case to be affirmatively stated, but it will be seen that the present statute requires that the facts omitted in this case shall be stated. In Morris v. Pendergrass, Admr., S. W. Rep., Vol. 28, page 30, there had been an attempted adoption under a statute

providing that any person desirous of adopting any child might file his petition therefor in the Probate Court in the county where such child resided, and the record failed to show that the child was a resident of the county where the proceeding was had. The Supreme Court of Arkansas held the order void on collateral attack, for the reason that such fact, essential to the exercise of the special statutory jurisdiction, did not appear on the face of the record. We think that this order was void for want of jurisdiction and should not have been admitted in evidence in the absence of proof of a proper petition, and that the petition offered by plaintiff was an effectual impeachment of it. We therefore hold that the instruction was wrong. The petition was admissible in evidence. G. W. Tel. Co. v. Mears, 154 Ill. 437.

The rule stated in the second clause of the instruction was subject to a finding of fact by the jury, and was of little consequence in the case, in view of the decisive nature of the instruction concerning the order for adoption and the direction as to the verdict. It was not correct in stating that if the jury found the agreement to exist, the defendant was in law the parent of the child. It was not within the power of the parties to create that relation and put plaintiff in the position of a natural child, nor was there any evidence that they attempted to do so. The mother had never forsaken her child, and if the petition was intended to be so understood it was confessedly false. According to her testimony, the contract under which plaintiff was left with defendant, was a beneficial one made for the child. Under the arrangement, whatever it was, plaintiff, who was then of tender years, was received into the family of defendant, who by that fact was placed, in respect to him, in *loco parentis*, and necessarily acquired such power of control of his person as was incident to family government. It follows that there could be no recovery for injuries inflicted in the exercise of such rights, but we are not prepared to say that if the contract was made, defendant could violate that contract and repudiate its obligations without civil responsibility to any one. The evidence

for plaintiff tended to prove the contract and its violation by the defendant in a want of ordinary care for plaintiff at the time of his injury, resulting in damage to plaintiff, and we think that plaintiff had a right to have the evidence on those questions submitted to the jury.

The judgment will be reversed and the cause remanded.