# Davis v. Jones.

*Action against Indorser of Non-negotiable Note.*

1. *Stipulation in note for attorney's fee; charging indorser of non-negotiable paper.*—Where the holder of a note personally prosecutes a suit on it, not employing an attorney, he is not entitled to the benefit of a stipulation in it for the payment of an attorney's fee, in the event the note is not paid at maturity, and suit is brought on it; and a suit, so prosecuted on a non-negotiable note for $97, containing such a stipulation for an attorney's fee of 10 per cent., but no claim being made under this stipulation, is properly brought against the maker before a justice of the peace, under the statute (Code § 1778) requiring that, in order to charge the indorser of non-negotiable paper, suit be brought against the maker within thirty days after suit can properly

be brought, if the amount due does not exceed one hundred dollars, as, in such case, the amount of an attorney's fee stipulated for does not enter into, or form part of, the amount due on the note.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.

J. J. WILLETT, for appellant cited *Fulford v, Johnson,* 15 Ala. 386.

THOS. W. COLEMAN, Jr., *contra.*

BRICKELL, C. J.—The appellant asigned to the appellee a bill single made by one J. C. McDaniel for the payment of the sum of $97, on which the appellee, within thirty days after the maturity thereof, instituted suit before a justice of the peace, recovered judgment for the debt and interest, on which execution was issued and returned "no property found," and thereupon instituted this suit to charge the appellant, as assignor or indorser. The appellant pleaded, in bar of the suit, that the bill single contained a stipulation that the maker, in the event he did not pay at maturity, and suit was brought for its collection, would pay an attorney's fee of ten per cent.; that the aggregate of the debt and interest and the ten per cent. exceeded one hundred dollars, the jurisdiction of a justice of the peace; and that the appellee, in order to give the justice jurisdiction, remitted the attorney's fee. To this plea the appellee demurred, the special cause assigned being that it was not matter of defense that the plaintiff did not claim the attorney's fee. The demurrer was sustained, judgment rendered against the appellant, and the error assigned is the sustaining of the demurrer.

To charge the indorser or assignor of paper not commercial, if the amount due thereon exceeds one hundred dollars, suit must be brought against the maker to the first court to which suit can properly by brought, after the making of the indorsement or assignment; if the amount due does not exceed one hundred dollars, suit must be brought against the maker within thirty days after suit can properly be brought.—Code, § 1778. The statute enters into and forms part of every assignment or indorsement of paper not commercial; and without

averment of the institution· and prosecution of the suit, before a court of competent jurisdiction, or of a sufficient excuse for its omission, there can be no recovery against the indorser or assignor.—1 Brick. Dig. 281, § 410. The statute refers to the courts the jurisdiction of which is by the law measured and fixed by the amount in controversy. These are the courts the assignor or indorser, and the assignee or indorsee, have in contemplation when entering into the contract of indorsement or assignment. It is not to be presumed that either contemplates that the jurisdiction shall be varied by the act of the other. The holder of the paper may, if he so elects, release or relinquish a part of the debt, seeking a more speedy and inexpensive remedy before a justice of the peace. The maker has no just cause of complaint. The debt is due, he is in default, and the day of payment or performance is not hastened. Such favor to the maker, or impatience with the pace of legal remedies, is not within the contemplation of the contract of indorsement or assignment. And, as was said in *Fulford v. Johnson*, 15 Ala. 393, if the holder of the paper, "released a part of the debt, and ·seeks his remedy in a forum not in the contemplation of the parties at the time the contract was entered into, and which, without such release, had no jurisdiction of a suit upon the note, it is the same as though no suit had been commenced." But it is the amount due on the indorsed or assigned paper to which the statute refers as fixing the forum of suit—the amount which could be demanded of the maker without suit,—and which without suit he could pay, extinguishing his liability. If that amount exceeds one hundred dollars, the forum of suit is in a court of record. If it does not exceed one hundred dollars, then the holder may within thirty days sue before a justice of the peace. At the time of the institution of the suit the maker could have satisfied his liability by the payment of less than one hundred dollars; more, the assignee could not have rightfully demanded of him. The stipulation for the payment of the attorney's fee was an independent, contingent stipulation, wholly and exclusively for the benefit and indemnity of the holder of the paper. There was no duty or obligation resting upon him to claim the benefit or indemnity. It was his right, if he chose, to

prosecute the suit personally, without the aid or employ-ment of counsel, and, in that event, he could not have claimed the benefit of the stipulation; nor could he in any event have claimed it, unless he had been under the necessity of employing, and had employed, counsel. The stipulation was never freed from its contingency,—the event never occurred upon which the holder could have demanded the benefit and the performance of it; and, without its occurrence, it did not enter into or form part of the amount due upon the debt, excluding the jurisdiction of the justice of the peace.

The judgment of the court below is affirmed.