## CROWDUS et al. v. KAHN TAILORING CO.

(Court of Civil Appeals of Texas. April 20, 1911. Rehearing Denied May 11, 1911.)

1. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION—AMOUNT IN CONTROVERSY.

In an action in tort for conversion, the interest demanded is recoverable only as damages; and when the amount of damages and interest exceeds $200, a justice of the peace has no jurisdiction, under Sayles' Ann. Civ. St. 1897, art. 1568.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

2. JUSTICES OF THE PEACE (§ 141*)—APPEAL—JURISDICTION OF COURT ON APPEAL.

Where a justice of the peace was without jurisdiction, the county court did not by appeal acquire jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. § 141.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by the Kahn Tailoring Company against E. H. Crowdus and another. From a judgment of the county court for plaintiff, rendered on appeal from a judgment of a justice of the peace, defendants appeal. Reversed and remanded.

Charles Kassel and Crenshaw & Boykin, for appellants. N. J. Wade, for appellee.

WILLSON, C. J. J. J. Keeley and W. K. Boyd, as partners, were in the retail tailoring business at Ft. Worth, Tex. Appellee, a corporation, was in the wholesale tailoring business at Indianapolis, Ind. The latter furnished the former certain goods, described as "display lengths," under a contract as follows: "To Kahn Tailoring Co., of Indianapolis: The undersigned hereby agree that the title to all display lengths hereafter from time to time sent by you to us shall be and remain in you, and the same shall be your property, and not sold, consumed, or otherwise disposed of, and at all times subject to

your orders, the same to be returned to you at your request; and in the event of default, for any reason whatever, in returning the same to you upon such request, then and in such case immediate payment shall be made thereof according to the prices thereof mentioned in the price book furnished to us, and in the event any of such display lengths returned to you shall be damaged, then the amount of such damage shall be paid to you on demand. And the undersigned further agree to keep such property adequately insured for your benefit. The undersigned further agree to keep and care for all display lengths without expense to you, and as a return thereof shall, from time to time, be demanded, to carefully pack the same and deliver to the railroad company for reshipment to you, all of which obligations are undertaken without relief from valuation or appraisement laws, and with attorney's fees. Dated at Ft. Worth, state of Texas, this 26th day of September, 1907. [Signed] J. J. Keeley & Co."

The business of Keeley and Boyd was carried on in a storeroom which they rented of appellant Crowdus. They failed to pay rent due Crowdus for the use of the storeroom, and he sued them, causing a distress warrant to be levied on the display lengths furnished to them by appellee. In accordance with a judgment rendered in that suit, appellant H. C. Cantrell, Jr., a constable, sold the lengths; one Peterson being the purchaser thereof. September 21, 1908, appellee commenced, in a justice court, the suit resulting in the judgment from which this appeal is prosecuted, alleging as its cause of action the following: "That heretofore, to wit, on or about the 15th day of April, 1908, plaintiff was the owner of certain goods, wares, and merchandise, of the value of $199.86, which defendants, jointly and severally, on said day and date, unlawfully and without plaintiff's consent, then and there, in Tarrant county, Texas, took from plaintiff the possession of said goods, with the intention of depriving plaintiff of same, and appropriated said goods, wares, and merchandise to their own use and benefit, without the consent of plaintiff; said conversion having been made in the city of Ft. Worth, Tarrant county, Texas, precinct No. 1 of said county. Plaintiff prays for the recovery of said goods, or their value, $199.86, with legal interest thereon from the date of said conversion." The trial in the justice court resulted in a judgment in favor of appellants. Appellee prosecuted an appeal to the county court, where a judgment in its favor for the sum of $187 was rendered against appellants Crowdus and Cantrell.

[1] Appellants insist, and we agree, that the county court was without jurisdiction to try the cause on the appeal to it from the justice court. The suit was for the display lengths, or, in the alternative, for their value, alleged to be the sum of $199.86, "with legal interest thereon" from the date of the alleged conversion. The cause of action being for an alleged tort, interest as such was not recoverable. It was recoverable only as damages. Therefore, in determining whether the justice court had jurisdiction of the suit or not, the sum claimed an interest should be treated as a part of the "amount in controversy." Baker v. Smelser, 88 Tex. 26, 29 S. W. 378, 33 L. R. A. 163; Dwyer v. Bassett, 29 S. W. 816; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1032; Railway Co. v. Faulkner, 118 S. W. 748; Railway Co. v. Flory, 118 S. W. 1116; Railway Co. v. Womble, 124 S. W. 111. Interest at the legal rate on the $199.86 alleged to be the value of the goods, from the date of the alleged conversion thereof to the date of the filing of the suit, amounted to about the sum of $5.17. The amount in controversy, therefore, was the sum of $199.86, plus the sum of $5.17, or $205.03. The justice court was without jurisdiction to try a cause where the amount in controversy exceeded $200. Sayles' Stat. art. 1568.

[2] As that court was without jurisdiction of the suit, the county court, by the appeal to it, did not acquire jurisdiction to hear and determine it. Aulanier v. The Governor, 1 Tex. 653; Waters v. Walker, 17 S. W. 1085; Wadsworth v. Chick, 55 Tex. 242; Railway Co. v. Coal Co., 102 Tex. 478, 119 S. W. 294.

The judgment will be reversed, and the cause will be remanded to the county court, with instructions to dismiss the appeal to it. Railway Co. v. Coal Co., 102 Tex. 478, 119 S. W. 294; Ware v. Clark, 125 S. W. 618.