MILLER *et al.* v. MILLS *et al.*

No. 1637.   Opinion Filed March 19, 1912.

(122 Pac. 671.)

1. **COURTS—Inferior Jurisdiction—County Courts—Amount in Controversy.** The original jurisdiction of county courts in civil cases, in any amount not exceeding $1,000, conferred by section 12, art. 7, of the state Constitution, was not changed by sections 1 and 2 of the act of June 4, 1908 (Sess. Laws 1907-08, p. 284; Comp. Laws 1909, secs. 1977, 1978), so as to deprive said courts of jurisdiction where the amount involved does not exceed $200.

2. **JUDGMENT—Procedure—Collateral Attack.** Where a party relying upon the judgment of a justice of the peace has introduced it in evidence, it is not error to permit the opposite party to introduce the bill of particulars and note, upon which the judgment was based, to show that the justice was without jurisdiction of the cause of action.

3. **JUSTICES OF THE PEACE—Jurisdiction—Amount in Controversy.** Under section 18 of article 7 of the state Constitution, which provides that courts of justices of the peace "shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars, exclusive of interest and costs," a justice of the peace has no jurisdiction of a suit on a note upon which there is due $200 principal and 20 per cent. of that amount as attorney's fees, and a judgment for the amount due as principal and attorney's fees is void, though the judgment purports to tax the attorney's fees as costs.

(Syllabus by Rosser, C.)

*Error from Caddo County Court;*
*B. F. Holding, Judge.*

Action by H. T. Mills and another, partners, under the firm name of Mills & Orme, against G. C. Miller and another, partners, under the firm name of Miller Grain Company, and others.   Judgment for plaintiffs, and defendants bring error. Affirmed.

*H. W. Morgan,* for plaintiffs in error.

*A. J. Morris,* for defendants in error.

Opinion by ROSSER, C.　This was a suit by the firm of Mills & Orme against the Miller Grain Company, H. W. Morgan, Oscar Diehr, and T. F. Johnson, for $145, as damages for the conversion of certain corn which plaintiffs allege defendants had converted, and upon which the plaintiffs claim to have held a chattel mortgage, executed by one Eckewaudauh.　There was a judgment for plaintiffs for $127.65, and defendants have appealed.

It is contended, first, that the county court had no jurisdiction in the case, because the amount in controversy is less than $200.　This contention cannot be sustained.　The point is decided adversely to the contention of defendant in the case of *Cooper v. Austin*, 30 Okla. 297, 119 Pac. 206.　The reasons given in that case for holding the county court has jurisdiction of amounts less than $200 will not be repeated here.

The defendants attempted to justify the taking of the corn by showing that it was taken under an execution issued upon a judgment of a justice of the peace against the mortgagor in the case of Diehr v. Eckewaudauh.　The action of Diehr v. Eckewaudauh was brought since statehood, and that judgment is in the following form:

"Comes now the defendant in person on this day, to wit, October 9, 1908, and enters an appearance, waives issuance of summons, and confesses judgment as prayed for in plaintiff's bill of particulars.　Therefore it is by the court considered, ordered, and decreed that the plaintiff have and recover of and from the defendant the sum of $200 and the costs of this action taxed at $42.65, including $40 attorney's fees."

The court permitted the plaintiff to introduce in evidence the note sued on and the bill of particulars filed in the case.　The note was in the ordinary form, with a further provision as follows:　"In case of legal proceedings to collect this note, I agree to pay 20 per cent. additional to the amount as attorney's fees."　The court then held that the judgment was void because the amount exceeded the jurisdiction of the justice.

Defendants contend that it was error to admit the note and bill of particulars in evidence for the purpose of showing the

amount sued for exceeded the jurisdiction of the justice, and that, even if they were properly received, they do not show that the justice was without jurisdiction. They cite no authorities which hold it is error to permit the bill of particulars and note to be introduced in evidence, nor have any been found sustaining this view. Where a party relies upon a judgment, and introduces it in evidence, the opposite party may always inquire into the jurisdiction of the court to render it. *Williamson v. Berry*, 49 U. S. 495, 12 L. Ed. 1170; *Elliott v. Peirsol*, 26 U. S. 328, 7 L. Ed. 164. When the judgment was introduced by the plaintiff, it was proper to permit the defendant to introduce the bill of particulars upon which the judgment was based. *Great Western Tel. Co. v. Mears*, 154 Ill. 437, 40 N. E. 298. A justice of the peace court is not a court of record, but yet a bill of particulars in that court is in the nature of a petition in a court of record, and is in a sense a part of the record in the case. See *Farley, Spears & Co. v. Whitehead*, 63 Ala. 295; *Mason v. Wolff*, 40 Cal. 246; *Wickersham v. Johnson*, 104 Cal. 407, 38 Pac. 89, 43 Am. St. Rep. 118.

In *Gibson v. Robinson*, 90 Ga. 756, 16 S. E. 969, 35 Am. St. Rep. 250, Mr. Justice Lumpkin, after holding that a judgment entry was *prima facie* evidence of a valid judgment, said:

"It will not, however, be conclusive either of jurisdiction of the parties, service, or of any other matter material to the rendition of a valid judgment; and of course, if the party against whom it is offered can derive any benefit from proving the antecedent or subsequent proceedings, or the want of any legal essential, he is still at liberty to introduce the entire record."

The justice was without jurisdiction of the case of Diehr v. Eckewaudauh. The bill of particulars showed on its face that the suit was upon a promissory note for $200 principal, and twenty per cent. attorney's fee, and asked that the attorney's fee be taxed as costs. The fact that the bill of particulars referred to the attorney's fee as costs, and asked that it be so taxed, did not change the essential nature of the suit. It was a suit upon a note which promised to pay $200 principal, and $40 attorney's fee, and in rendering judgment for the attorney

fee of $40 the justice was as much in the exercise of his judicial power as in rendering the judgment for the $200 principal, and the fact that the judgment referred to the attorney's fee as costs did not affect the question. The judgment was therefore void.

The Constitution of the state of Oklahoma, sec. 18, art. 7, is as follows:

"The office of justice of the peace is hereby created, and, until otherwise provided by law, courts of justices of the peace shall have, coextensive with the county, jurisdiction as examining and committing magistrates in all felony cases, and shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars, exclusive of interest and costs."

*De Jarnett v. Marquez,* 127 Cal. 558, 60 Pac. 45, 78 Am. St. Rep. 90, was a suit upon a promissory note for $250. The instrument also provided for the payment of attorney fee in the event of suit, and plaintiff alleged that $100 was a reasonable attorney fee. There was judgment in the justice court for the amount sued for. The jurisdiction of the justice court was of amounts not to exceed $300, and the court held that the justice court was without jurisdiction, and its judgment void.

In *Waters v. Walker* (Tex. App.) 17 S. W. 1085, it was held that the ten per cent. attorney fee stipulated for in the note must be considered in estimating the amount in controversy in determining the jurisdiction of the court, and though the principal of the note was within the jurisdiction of the court, if, with the attorney fee, the amount exceeded his jurisdiction, the justice court had no jurisdiction, and its judgment was void.

By the Constitution of the state of Georgia the jurisdiction of justices of the peace was limited to cases in which the principal sum did not exceed $100. In *Almand v. Almand,* 95 Ga. 204, 22 S. E. 213, it was held, following *Beach v. Atkinson,* 87 Ga. 288, 13 S. E. 591, and *Searcy v. Tillman,* 75 Ga. 504, that the attorney's fee must be considered part of the amount sued for, in ascertaining the jurisdiction of the justice courts. In the course of the opinion the court said:

"The attorney's fees are not in any sense interest, nor are they any accretion upon the principal. The stipulation for their payment is a covenant, independent of principal or interest, and the mention of them is only incidental as a means of computing and estimating a sum which the defendant undertakes to pay in the event the plaintiff is forced to bring suit. The joinder of this demand with what is stated as technical principal makes the principal debt for the recovery of which this action is brought, exclusive of interest, exceed the sum of $100; and this it is that renders the judgment void."

To the same effect is *Warder B. & G. Co. v. Raymond,* 7 S. D. 451, 64 N. W. 525. In the course of the opinion in that case the court said:

"Although the attorney's fee specified and fixed by statute may be taxed as costs, an agreement to pay a fixed amount as attorney's fee, contained in a promissory note, becomes a part of the contract; and when such stipulated amount is claimed in a summons, and, together with the principal and interest, according to the terms of the instrument upon which suit is brought, exceeds $100, a justice of the peace is without jurisdiction of the subject-matter."

The case of *Davis v. Jones,* 109 Ala. 418, 19 South. 841, cited by the defendants, does not sustain their position. In that case a note contained a stipulation for attorney's fee, but the payee of the note brought suit himself upon the note, did not employ an attorney, and did not claim the attorney fee. It was held that, under these circumstances, the amount of the note, without the attorney fee, being within the jurisdiction of the justice of the peace, the suit was properly brought in the justice of the peace court.

The evidence shows that the note upon which judgment was obtained in the case of Diehr v. Eckewaudauh was given by Eckewaudauh to Morgan, and by Morgan transferred to Diehr without consideration for the purpose of enabling Morgan to collect attorney's fees upon the note. The result of this was necessarily unjust either to Eckewaudauh, or, if the judgment was good, to Eckewaudauh's other creditors. The justice of a decision which prevents the consummation of such a scheme must be apparent.

The judgment of the lower court should be affirmed.
By the Court:   It is so ordered.