SAN ANTONIO & A. P. RY. CO. v. SCHAEFFER. (No. 5505.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1915.)

1. APPEAL AND ERROR ⬅➡1177 — REVERSAL — GRANTING NEW TRIAL.

Where the amended petition shows an amount beyond the jurisdiction of the trial court, but the record does not contain the original petition or show the amount originally sued for, the judgment will be reversed, and the cause remanded, instead of reversing and dismissing it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. ⬅➡1177.]

2. DAMAGES ⬅➡69—INTEREST AS ELEMENT OF DAMAGE.

In an action in tort, interest is a part of the damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec. Dig. ⬅➡69.]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by A. R. Schaeffer against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellant. John Baker, B. D. Tarlton, Jr., and H. S. Bonham, all of Beeville, for appellee.

CARL, J. This is a suit in tort for damages to an automobile, which damage is laid at $975, together with legal interest thereon from July 3, 1912. The original petition does not appear in the transcript, but the petition upon which the cause was tried was filed subsequent to July 24, 1914. This petition does not disclose the amount sued for in the original petition.

[1] It has been the practice of this court, where the amended petition would show an amount beyond the jurisdiction of the trial court, and yet the record did not contain the original petition or show what the amount originally sued for was, to reverse the judgment and remand the cause, instead of reversing and dismissing it.

[2] It is well established that in an action in tort interest is a part of the damages. Baker v. Smelser, 88 Tex. 26, 29 S. W. 378, 33 L. R. A. 163; Dwyer v. Bassett, 29 S. W. 815; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1032; Railway Co. v. Faulkner, 118 S. W. 748; Ry. Co. v. Flory, 118 S. W. 1116; Ry. Co. v. Womble, 124 S. W. 111; Crowdus et al. v. Kahn Tailoring Co., 136 S. W. 1136.

The judgment of the trial court is reversed, and the cause remanded.