PARMELIA MORSE *vs.* JOHN J. PINEO.

In a case of bastardy, where the mother seeks support for her child, of the reputed father, and is herself a witness, testimony is not admissible to show, that she was reputed to be a common prostitute before the child was begotten. If this affects her truth, the defendant has the full benefit of it under the general enquiry concerning her character for truth.

This was a prosecution under the statute of this state, to obtain an order for the support of a bastard child. By the exceptions, that come from the county court, it appears, that the issue was joined, *whether chargeable or not;* and the jury empanneled, and the plaintiff sworn as a witness, as the statute provides; and she testified, that the defendant was the father of the child, stating the period of their intercourse, &c.; that the defendant then offered evidence to prove that the plaintiff was reputed to be a common prostitute, before the time of her connection with the defendant. This was objected to and excluded, and there was a verdict against the defendant. An exception was taken to this decision; and whether the decision was correct, was the only question before the Court.

*The counsel for the defendant contended,*—1st. That the statute of bastardy in this state is different from those of most of the other states, in that it has no limitation of time for the commencement of the prosecution; nor does it require the accusation to be made in the hour of travail.

2d. That the magistrate, before whom the prosecution is commenced, has but a ministerial jurisdiction. His only duty is, to bind over. He cannot discharge, however plenary the evidence of the innocence of the defendant.

3d. That the accusation upon the defendant is, therefore, fatal,

CALEDONIA,
*March,*
1832.

Sommers
*vs.*
Johnson.

36

unless the credibility of the plaintiff, as a witness, can be shaken with the jury.

4th. That it had been solemnly decided, by the supreme court of Massachusetts, that it is competent for the defendant to show the bad character of the plaintiff for chastity by general reputation. —2 *Dane's Dig.* 517, *Warmstead's case*, which has not been overruled.

5th. That in rape, the character for chastity of the female may be impeached, she being a witness, and the respondent may prove her notorious want of it.—1 *Phil. Ev.* 147 ; 2 *Starkie*, 368. How much stronger the reason for its admission in a private prosecution, and for her sole benefit, and when she testifies to her previous purity.

6th. The statute leaves her credibility to the jury, under the necessity of the case, as to those facts which she only can be supposed to know.—14 *Mass.* 387 ; 1 *Phil. Ev.* 72 ; 2 *Dane*, 517.

*The plaintiff's counsel contra.*—The only question presented for the decision of this Court, by the bill of exception, is, did the county court err in excluding the evidence, offered by the defendant, tending to prove, that the plaintiff, before the time she testified the child was begotten, was reputed to be a common prostitute.

The evidence, we insist, was properly rejected. 1st. Because the evidence to impugn the character of the witness should have been confined to her general character for truth and veracity.-- *Vide Commonwealth* vs. *Moore*, 3 *Pick. Rep.* 194. *Mr. Starkie*, in his treatise on evidence, says, " the proper question to be put to a witness, for the purpose of impeaching the general character of a witness, is, whether he would believe him upon his oath." —1 *Starkie's Evidence*, 146. *Judge Swift* says, " The only questions to be put to a witness are, whether he knows the general character of the witness, intended to be impeached, in point of truth among his neighbors ? And what that character is ? Whether good or bad ?"—*Swift's Ev.* 143 ; 1 *Sw. Dig.* 46. In *Jackson* vs. *Lewis*, 13 *Johns. Rep.* 504, where an attempt was made to impeach a witness on the ground of her having been a public prostitute, *Thompson, Ch. Justice,* said, " It would not be competent to prove, that she was *now* a public prostitute, and much less to enquire whether she was so in her younger days. The inquiry should have been, as to her character for truth and veracity. The

inquiry as to any particular immoral conduct is not admissible against a witness."

2d. The evidence offered was immaterial to the issue. In *Commonwealth* vs. *Moore*, where the same question arose, that was presented to the court in this case, *Wilde, Justice*, said, " The evidence rejected was immaterial, the witness's character for chastity being sufficiently impeached by her own confession ; so that, if the evidence had been admitted, it would have made no difference in the verdict. The evidence, however, was clearly inadmissible."—*Vide Rex* vs. *Teal, et al.*, 11 *East Rep.* 311.

*The opinion of the Court was delivered by*

HUTCHINSON, C. J.—The Court are of opinion, that this testimony was correctly rejected. There is no pretence, that this objection goes to the competency of the witness. It was not offered for that purpose. And surely it can be no test of the particular grade of confidence, that should be placed in her testimony. There is a difference, in this respect, among persons of this character as well as others. If such a reputation should have any effect, it is merged in the evidence of general character in point of truth ; and the defendant can take every proper advantage of this, on the enquiry for the witness's general character for truth. The authorities, cited by the plaintiff's counsel, are pretty full in point ; and such have been the decisions in this state,-on several jury trials : but the question has not probably before been revised by the Supreme Court. The reason assigned by *Mr. Justice Wilde*, in the case cited from *Massachusetts Reports*, is not altogether satisfactory, as a general rule. He says the evidence was immaterial, as the chastity of the witness was already impeached ; meaning by the facts she disclosed. This supposes that none but common prostitutes are found in this situation. This can not be a correct supposition. Undoubtedly some are seduced and ruined, with no connection with any but their seducer. The true reason is, that such a reputation is no certain, correct· test of truth. There is no way to ascertain, how far the reputation of a prostitute affects her truth, but by proving her character for truth.

The judgement of the county court is affirmed.

*Janes & Briggs*, for defendant.

*Dillingham, Upham & Keith*, for plaintiff.