Lipscomb, J.
When this case was called, on a suggestion that there was no appearance for the appellees, on motion of the appellants it was continued. On a subsequent day the continuance was set aside, on the information that briefs bad been sent up and filed 'by the appellees. A motion has been submitted by the appellants to reinstate the order of continuance, on the ground that the supposed appearance by brief is not such an appearance as is provided for by our statute, (Hart. Dig., art. 2010,) because the briefs have not been sent up by an attorney known to this court and authorized by law to practice in it. *121 We have no doubt that a fair construction of the statute referred to in authorizing the attorney for either party to send up and file a brief in the case, and when so filed that it shall be considered an appearance, meant an attorney known to this court; and that a brief sent up by a person purporting or assuming to be the attorney of the party, if lie is not an attorney of this court, must be disregarded by us, and cannot be received as an appearance.
It has been our practice when a case is called and there is no appearance for the appellee or defendant in error to continue it on the application of the plaintiff in error or the appellant, subject, however, to this exception : if the judgment sought to be reversed is for money or specific property, and the record bears on its face the appearance that the appeal or writ of error was frivolous and had been taken for delay, we have refused to permit it to be continued. Such docs uot.appear to be the character of the judgment in this case The suit, according to the practice in courts of equity, is a bill quia timet, brought by the securities on a bond for the trial of the right of property levied on by an execution and claimed by the principal in the bond; and the object of the suit u, to obtain collateral security against the liability incurred by the securities on the bond, and it comes within the rule that when there is no appearance for the defendant or appellee, to continue the case on the application of the appellant or the plaintiff in error. The continuance heretofore entered is reinstated.
We deem it proper to remark that it has been the practice of the clerk of this court to put the name of the counsel who sends up the brief on the docket, whether such counsel had authority to practice in this court or not. This is improper. The name of counsel should not be put on the docket unless such counsel are known to this court as members of the Supreme Court bar. This information can always be obtained by a reference to the roll.
Ordered accordingly.