## Solomon A. Bashford v. The People.

*Statute Construed: Circuit judge forbidden to act as counsel.* The statute (*Comp. L.* § *4066*) forbids a circuit judge, after having called another judge to hold the court and preside at the trial, from appearing in a criminal prosecution and taking charge of the case as the assistant of the prosecuting attorney.

The fact that such judge had previously sent in his resignation, which was to take effect five days thereafter, and that he intended to act no more officially, does not affect this question. The statute is imperative, and does not depend at all upon any other circumstance than the present possession of the office.

It cannot be said that this error was one which could not injure the prisoner; or that, in legal contemplation, it could make no difference to him whether he was prosecuted by one counsel or by another. Whatever is forbidden on grounds of public policy, in connection with a trial, the party concerned may except to; and the correctness of motive, the high standing and upright character of the officer concerned, cannot be considered on such an exception, and consequently cannot be an answer to it.

*Evidence:* It is error to permit the prosecution on a criminal trial, against the objection of the prisoner, under pretense of refreshing the recollection of a witness, to read to him while on the stand, and in the presence of the jury, his evidence given on a previous occasion, and then to ask him whether, after having heard it read, he recollected certain facts stated in it.

*Heard January 3.    Decided January 9.*

Error to Midland Circuit.

*Clark & Day,* for the plaintiff in error.

*Dwight May, Attorney-General,* for the People.

COOLEY, J.

The defendant is confined in state prison on a conviction for manslaughter. The errors assigned upon the record which we deem it material to consider, are two:

*First,* That he was prosecuted by the judge of the court, who appeared and took charge of the case as the assistant of the prosecuting attorney, having first called in another circuit judge to hold the court and preside at the trial; and *second,* that the prosecution was permitted, under pretense of refreshing the recollection of a witness, to read to him, in the presence of the jury, his evidence given on a previous occasion, and then to question him upon it.

The appearance of the circuit judge for the prosecution seems to have been against the remonstrance of the plaintiff in error, and as we understand the statute (*Comp. L.*, § *4066*), was plainly forbidden by it. This point does not appear to be seriously contested by the attorney-general, but he assigns two reasons why the conviction should not be set aside for this cause. The first of these is, that the judge had previously sent in his resignation, which was to take effect five days thereafter, and consequently, for all practical purposes, had ceased to be judge. This was probably the view of the judge himself, who doubtless intended to act no more officially, and who, looking upon himself as having again returned to the bar, took part in the case without the least intention of violating any rule of propriety. The rule of the statute, however, was imperative, and did not depend at all upon any other circumstance than the present possession of the office. One in for five days was just as much judge as one in for five years; and he might at any moment, if he had seen fit, have resumed the seat upon the bench which was being temporarily occupied by one acting in his stead and at his request.

The second reason assigned by the attorney-general against reversing the judgment on this ground, is, that the error was one which could not injure the prisoner, inasmuch as, in legal contemplation, it could make no difference to him whether he was prosecuted by one counsel or by another. This reason is plausible, but we do not think it sound.

The law aims, as far as possible, to give every man a trial that shall not only be fair, but as free as may be from any suspicion of partiality or undue influence. It is quite true that official position could not have any tendency to render the opinions or arguments of the counsel intrinsically any more sound or plausible, but when they were to be addressed to a jury whose members were accustomed to

receive and obey the instructions of the counsel as a judge, it is not unreasonable to suppose that that circumstance may insensibly, in their minds, have given to them additional force and influence. Such an influence, even the best jurors would have found it difficult sufficiently to be on the guard against; quite as difficult, perhaps, as they would to throw off or lay aside such preconceived opinions of the merits of the case as would have disqualified them as jurors. It cannot be said therefore, that this is a matter of indifference to the person on trial.

Nor when the probable object of the statute is being considered, can we leave out of view the fact that it is the judge of the circuit who selects and calls in the judge who is to sit in his stead. Suppose it were to be provided by statute that the prosecuting attorney might select, from all the circuit judges of the state, the one who should be called in to try his accusations; would not accused parties be likely to suspect sometimes that this discretion was exercised with a view to such influence as the attorney might suppose himself to possess, by reason of association or otherwise, with the judge called in, or with a view to any circumstance which to his mind would incline such judge to favor the prosecution? Such a suspicion might in a particular case be a wrong, both to the judge and the prosecuting officer; and undoubtedly it would have been in this case, where there is no ground to suppose the judge was selected with the least reference to the particular case, or was for any reason objectionable to the prisoner. Nevertheless, as distrust and suspicion would unquestionably be excited sometimes, especially in the minds of weak and ignorant persons, if such a rule were to be adopted, and as public policy has inclined the legislature to guard so carefully against giving any ground for such feelings, we do not feel at liberty to sustain as an exception that which the law

prohibits as a rule. If exceptions were to be allowed, a court of review might sometimes be compelled to enter upon the unseemly inquiry whether the prisoner's distrust had not some apparent basis in reason; and we think the law has very properly provided against the possibility of any occasion for such inquiry. We have no doubt that whatever connected with a trial is forbidden on grounds of public policy, the party concerned may except to; and that he has the same right to insist upon his exception when it has reference to the breach of a rule prescribed for the direction of the highest officer of justice, as of one for the lowest. The correctness of motive, the high standing and upright character of the officer concerned, cannot be considered on such an exception, and consequently cannot be an answer to it.

We also think that the other error relied upon is well assigned. It appears that while a witness was on the stand being examined in chief, and without the slightest occasion, so far as is shown by the record, for doing any thing by way of refreshing his recollection, the following proceedings took place. The counsel for the prosecution, presenting the witness a paper, said: "This is your deposition given on the examination?" The answer was, "Yes, sir." The counsel then said, "If the court please, I propose to read part of his deposition, by way of refreshing his recollection." To this the judge presiding at the trial replied, "That is perfectly proper;" and against the objection of the prisoner, the counsel then publicly read a portion of the paper in the presence of the witness, the court and the jury, and then asked the witness whether, after having heard that read, he recollected certain facts mentioned in the question.

We think the circuit judge erred in holding this to be entirely proper. It was, on the other hand, quite out of the ordinary course, and was eminently unfair to the pris-

oner. The usual course requires the witness, when he does not profess or appear to have forgotten the circumstances, to give his testimony in response to questions which simply call his attention to the points he is to speak to; and by that course while one party calls out the facts, the other is enabled to test both the recollection and the truthfulness of the witness by the best methods the law can provide. Unless the facts occurring on the trial were different from what appear from the record, we know of no authority which would sanction the course taken, and the reasons appear to us to be all against it. If the practice were admissible, the rule against leading questions would not be of the least importance; for in this way it would be easy to put into the mouth of the witness the very words it was desired he should repeat; and where he had been sworn before, all possible discrepancies would be avoided.

For the reasons given, the conviction must be set aside and a new trial awarded.

The other Justices concurred.