JOHN F. LEAVER, DEFENDANT IN ERROR, v. NELSON H. KILMER ET AL., PLAINTIFFS IN ERROR.

Submitted July 12, 1904—Decided January 20, 1905.

Under the Mechanics' Lien act, a lien will not be imposed upon a building unless in connection with some estate or interest in the land on which it is erected. Following *Babbitt* v. *Condon*, 3 *Dutcher* 154; *Coddington* v. *Dry Dock Co.*, 2 *Vroom* 477.

On error to the Supreme Court.

For the plaintiffs in error, *Alan H. Strong* and *Wesley B. Stout.*

For the defendant in error, *Samuel A. Patterson.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. This writ of error brings into review a judgment of the Supreme Court affirming a judgment of the Monmouth Circuit Court in an action upon the Mechanics' Lien act.

The judgment of the Supreme Court appears by its per curiam opinion to have been grounded upon the insufficiency of a general exception taken to the finding of the trial judge trying the case without a jury, which finding covered conclusions of fact as well as of law. It was thereupon properly adjudged that an assignment of error, based upon such an exception, presented no question for review.

But the Supreme Court erroneously assumed that there were no other assignments of error presenting any other question. On the contrary, the return discloses that there were two assignments of error, directed to errors alleged to appear in the record of the judgment of the Circuit Court. Those assignments were presented in the brief of the plaintiff

in error in the Supreme Court and were inadvertently overlooked.

The alleged errors in the record are now relied on for reversal. Upon examination of the record it is clear that reversible error appears therein. The record discloses a judgment imposing a lien upon the building for the construction of which a lien was sought and not upon the land on which it was erected, or upon any interest therein which the builders or owners had.

In one of the earliest decisions upon our Mechanics' Lien act the Supreme Court decided that a lien thereunder was not to be imposed upon a building unless in connection with some estate or interest in the land on which it was erected. *Babbitt* v. *Condon,* 3 *Dutcher* 154. This construction of the law was expressly approved in this court. *Coddington* v. *Dry Dock,* 2 *Vroom* 477.

The Lien law now in force is identical with that thus constructed in the particular in question and must be given the same construction.

It was therefore erroneous to impose a lien on the building and not upon the land on which it was erected or some estate or interest therein.

The judgment must be reversed and the record be remitted for a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, GARRETSON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GRAY.   9.