JUNE TERM, 1908.    751.

*47 Vroom.*    W. H. Atkinson Co. v. Shields Const. Co.

WILLIAM H. ATKINSON COMPANY, PLAINTIFF, DEFEND-
ANT IN ERROR, v. JOHN SHIELDS CONSTRUCTION
COMPANY ET AL., DEFENDANTS, PLAINTIFFS IN
ERROR.

Submitted July 12, 1908—Decided March 1, 1909.

A railroad company contracted with a construction company for the
building of a tunnel. In order to carry out the contract it was
necessary that the construction company bring upon the property
of the railroad company machinery necessary for that purpose.
The contract between the parties provided, in substance, that the
construction company might occupy a portion of the land for the
purpose of carrying on the work, the area available for such
use to be pointed out by the engineer of the railroad company.
*Held*, that the occupation by the construction company was that
of a licensee, and vested in it no estate in the land to which a
mechanics' lien would attach.

On error to Hudson Circuit.

For the plaintiffs in error, *Lindabury, Depue & Faulks.*

For the defendant in error, *McDermott & Enright.*

The opinion of the court was delivered by

BERGEN, J. There are two cases between the same plaintiff
and same defendants, in which precisely the same questions
arise. They were argued and submitted together as one case,
and the determination of one controls the disposition of the
other, for the only question presented in each case is whether
the John Shields Construction Company has such an estate in
the land as will support a mechanics' lien.

The case was tried by the court, a jury having been waived,
and it found that the construction company had such neces-
sary estate in the land. The plaintiff's case rests upon the
following facts:

The Pennsylvania, New Jersey and New York Railroad
Company owning the fee of the land on which the building
was erected, made a contract with the construction company

752    COURT OF ERRORS AND APPEALS.

W. H. Atkinson Co. v. Shields Const. Co.    76 *N. J. L.*

to build a tunnel for it through a part of the land, and in order to do this it was necessary that the construction company bring upon the property of the railroad company the machinery required for that purpose, to protect which a building was erected for which the plaintiff furnished materials and labor. The construction company becoming insolvent, a receiver was appointed, by whom the buildings and machinery were sold and removed from the property, but before insolvency the plaintiff filed a mechanics' lien and the receiver now holds the proceeds of the sale to satisfy the debt of the plaintiff if the lien is sustained, otherwise it is to be administered by the receiver with the other assets of the insolvent company. The lien was filed against the construction company as builder, and the Pennsylvania, New Jersey and New York Railroad Company, the John Shields Construction Company and its receiver as owners. All of the defendants filed the statutory plea that the property was not subject to a mechanics' lien. There was a judgment in favor of the railroad company, and against the other defendants. It is conceded that under *Coddington et al.* v. *Dry Dock Co., 2 Vroom* 477, the lien cannot be sustained unless the construction company had an estate in the land to which the lien would attach. That company had no fee in the land, and whether it had an estate sufficient to support a mechanics' lien depends entirely upon the nature of the possession given it by the railroad company, which is to be ascertained from the true interpretation required of section 214 of the contract between the parties, which reads as follows: "Two-thirds of the area of the Weehawken shaft at grade level is turned over to the contractor for river tunnels. * * * The area at the surface adjacent to the shaft available for use by the contractor will be pointed out by the engineer." And also of section 335, which reads: "The contractor shall enclose all lands handed over to him by tight, substantial fences, at least eight feet high, subject to the approval of the engineer and the regulations and requirements of the local governments."

We do not agree with the conclusions reached below, that the construction company took, under this contract, an estate

in the land; on the contrary, we think that the right conferred was merely a license to enter and perform the work contracted for. The possession was not exclusive, but confined to an available use, which means only such use as was necessary for the contractor to make of it for the purpose of carrying on the work. No present estate in the land was given. It was a privilege to do a particular act upon the company's land, and there is nothing in the contract which shows that the railroad company intended to divest itself of possession, or that the licensee should come into occupancy as a tenant. The railroad company might at any time have arbitrarily abandoned the contract, and the right of the construction company would be to have a reasonable time to remove its machinery and buildings, with a right of action, if any existed, against the railroad company for breach of its contract. The relation between the railroad company and the construction company was simply that of employer and employe, with a license to the employe to occupy the land necessary for the work while performing it, and the situation is not unlike that where an owner, erecting a building, permits the contractor doing the work, and for his convenience, to put up a temporary building either for the use of his men, or as a work shop, which merely confers a privilege to occupy under the owner, in which case it is a license. 25 *Cyc.* 640.

In *Eckert* v. *Peters,* 10 *Dick. Ch. Rep.* 379, it was held that the right to "erect bath-houses and use the same free of charge, undisturbed at any time," passed no estate in the land, and was nothing more than a license. The construction company having no estate in the land a mechanics' lien cannot be imposed upon the building (*Leaver* v. *Kilmer,* 42 *Vroom* 291), and therefore the judgments in the two cases under review are reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 14.