## J. W. LILLY v. STATE.

No. A-882.    Opinion Filed May 7, 1912.

(123 Pac. 575.)

1. **JUDGES—Disabilities—Acting as Attorney.** An attorney at law, when elevated to the bench of any of the courts of record in this state, is prohibited from practicing law as an attorney, counselor, or advocate in any of the state courts, so long as he occupies such official position.

2. **TRIAL—Counsel for Prosecution.** When a judge of a court of record vacates the bench and prosecutes a person charged with crime in the court over which he presides and before a jury drawn and impaneled by him, a judgment of conviction had under such circumstances will be reversed.

3. **JUDGES — Admission to Practice — Disqualification.** Under the statutes in this state, a judge of a court of record cannot practice law in any of the courts of this state, and is only permitted to finish such business as he may have had on hand in the various United States courts at the time of his elevation to the bench.

4. **PUNISHMENT—Constitutional and Statutory Provisions.** The Constitution provides that "the repeal of a statute shall not revive a statute previously repealed by such statute; nor shall such repeal affect any accrued right or penalty incurred or proceedings begun by virtue of such repealed statute." (William's Const. sec. 144; article 5, sec. 54.)

Section 2815, Wilson's Rev. & Ann. St. 1903, provides: "The repeal of any statute by the Legislative Assembly shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Under these provisions of the written law, it is held that the district court of Lincoln county, upon a retrial of this case, should submit the punishment for conjoint robbery under the statute as it existed at the time the offense is alleged to have been committed, which punishment is life imprisonment.

(Syllabus by the Court.)

*Appeal from District Court, Lincoln County;*
*John J. Carney, Judge pro tem.*

J. W. Lilly was convicted of robbery, and appeals. Reversed and remanded.

*Rittenhouse & Rittenhouse,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J. The plaintiff in error was indicted in the district court of Lincoln county on a charge of conjoint robbery, alleged to have been perpetrated in said county on the 19th day of January, 1908. He was tried at the April, 1910, term of said court before Hon. John J. Carney, trial judge by special assignment.

There are many assignments of error brought, only one of which we shall discuss, to wit, the seventh assignment, as set out in the petition in error. This assignment is as follows:

"The said court erred in allowing Judge Roy V. Hoffman, judge of the Tenth judicial district, sitting in and for the county of Lincoln and state of Oklahoma, to prosecute said action against this plaintiff in error, over the objections of said plaintiff in error."

At the beginning of the trial, the plaintiff in error interposed the following objection to Judge Hoffman appearing and prosecuting the case, to wit:

"Now comes the defendant, J. W. Lilly, and objects to Roy V. Hoffman acting as an attorney for the prosecution in this case, for the reason that he is now presiding judge of the district court of the Tenth judicial district, and was the judge who impaneled the jury which will try this case."

The objection was overruled and exceptions properly saved.

Section 254, Comp. Laws 1909, provides:

"No person shall practice as an attorney and counselor-at-law in any court of this state who is not a citizen of the United States, or who holds a commission as judge of any court of record, or who is a sheriff, coroner, or deputy sheriff; nor shall the clerk of the Supreme Court, or the clerk of the district court or county court or the deputy of either practice in the particular court of which he is clerk or deputy clerk; but nothing herein contained shall prevent attorneys and counselors-at-law who reside without this state practicing in this state, and nothing herein contained shall prevent any judge of any of the courts of this state from finishing any business by him undertaken in the Dis-

trict, Circuit, or Supreme Court of the United States, prior to his election or appointment as judge; and an alien who has declared his intention to become a citizen of the United States, may practice as if he were a citizen."

This statute expressly prohibits judges of the courts of record in this state from practicing in any of the courts of this state during the term for which they hold such offices, and only permits such judges to finish any business undertaken by them in the various United States courts.

Similar statutes are in force in many other states. In the case of *Bashford v. People,* 24 Mich. 244, the Supreme Court of Michigan, in an opinion by Mr. Justice Cooley, discussing a similar statute, says:

"The law aims, as far as possible, to give every man a trial that shall not only be fair, but as free as may be from any suspicion of partiality or undue influence. It is quite true that official position could not have any tendency to render the opinions or argument of the counsel intrinsically any more sound or plausible; but when they were to be addressed to a jury, whose members were accustomed to receive and obey the instructions of the counsel as judge, it is not unreasonable to suppose that the circumstance may insensibly, in their minds, have given them additional force and influence. Such an influence even the best of jurors would have found it difficult sufficiently to be on guard against; quite as difficult, perhaps, as they would to throw off or lay aside such preconceived opinions of the merits of the case, as would have disqualified them as jurors. It cannot be said, therefore, that this is a matter of indifference to the person on trial."

This doctrine was again announced in the case of *People v. Evans,* 72 Mich. 367, 40 N. W. 473.

The Michigan statute (How. Ann. St. sec. 7247), upon which these opinions appear to be based, appears to be in the following language:

"No judge can act as solicitor or attorney in the court of which he is judge, except in those suits in which he shall be a party or in the subject-matter of which he shall be interested."

In 1889 (Pub. Acts 1889, No. 180), it appears that the Legislature of Michigan amended this statute to permit a judge

of the circuit court to practice in any other court, except the court over which he presided. And the Supreme Court of that state, in the case of *Morton v. Railroad Company,* 81 Mich. 423, 46 N. W. 111, upheld the statute.

The Supreme Court of Iowa, in the case of *Wright v. Boon,* 2 G. Greene, 458, lays down the rule equally as strong as the Supreme Court of Michigan in *Bashford v. People, supra,* and, among other things, says:

"* * * The impropriety of the judge leaving the bench and appearing as counsel in a cause on trial in his own court is perfectly apparent—a judicial indiscretion which inexperience may palliate, but an error sufficient to reverse any judgment thus obtained."

The Supreme Court of Florida, in the case of *Perry et al. v. Bush,* 46 Fla. 244, 35 South. 226, in an opinion by Mr. Chief Justice Taylor, discusses this question on point of principle in the absence of a statute, and, among other things, says:

"* * * When an attorney at law is elevated to the bench of any of our circuit courts as the judge thereover presiding, his right to practice law as an attorney, counselor, or advocate in any of the courts of this state becomes suspended, and continues to be suspended, so long as he occupies the official position of such circuit judge, except, perhaps, in those cases alone wherein he is *in propria persona* a party in the cause; and in such excepted cases his appearance therein in the courts, if at all, should be to represent and protect his own individual rights exclusively. It is true that we have no statute upon our books in express terms forbidding circuit judges from practicing law; but the rights, duties, privileges, and functions of the office of an attorney-at-law, counselor, or advocate are so inherently incompatible with the high official functions, duties, powers, discretions, and privileges of a judge of one of our circuit courts, with their vast range of jurisdiction, both original and appellate, the express inhibitory legislation on the subject would seem to be superfluous, and a work of supererogation. Our state is divided into eight judicial circuits, presided over by one circuit judge to each of said circuits; the territory comprising each of them being circumscribed by well-defined metes and bounds. This careful defining of the territory to be presided over by each was not alone for the convenient dispatch of business before the courts, nor alone for the prevention of conflicts in jurisdiction, but as well

to subserve the convenience of the people that inhabit the several counties comprised in said respective circuits. Another statute gives to such citizens the right and privilege to have their causes tried in the county where the cause of action arose, or in which the thing in controversy is located, or in which one or more of several defendants reside. This right and privilege is one common to both parties to every controversy before such courts. The plaintiff has the privilege and right to have the venue of his action in such county, and equally so has the defendant.

"For a circuit judge officially presiding over such county to disqualify himself from adjudging such case by acting as attorney for either of the parties thereto is not only to repudiate his official duty to hear and determine such case as judge, but is an invasion of the right of both parties thereto to have such cause tried and determined in such county. It is the official duty of circuit judges to hear and determine all legal and equitable controversies arising within their respective circuits in which they are not disqualified for reasons beyond their control, and over which they have jurisdiction, either original or appellate; and it is not the policy of the law to permit them to evade or repudiate the discharge of such duty by voluntarily disqualifying themselves to hear and determine any such cause by acting for either of the parties thereto as attorney or counsel. If one of them can disqualify himself by acting as counsel for one of the parties to a cause, all eight of them can do the same thing; and a designing party, with a bad but important case in the courts, could effectually stop the wheels of justice, in so far as his case was concerned, by employing an array of eight judges to represent him as counsel. The jurisdictions of this, the court of last resort, and the circuit courts, are so inseparably related to each other that it is equally as obnoxious to the ethics governing the judiciary to permit a circuit judge to practice here as an attorney as it is for him to appear as attorney in the lower courts. A cause comes here for appellate review from a circuit court. It is reversed here, and remanded for further proceedings as directed. To represent either of the parties thereto before this court as attorney will disqualify a circuit judge to further hear or determine such cause as judge, upon its remand from this court, as effectually as though he had originally represented such party therein as attorney in the court of first instance. If such circuit judge is permitted to appear here as counsel in one cause, why should he not be permitted to act here as such in all causes? The line of demarcation between cases where such

appearance might be proper or improper would often be so nebulous that the only safe course to pursue to insure the occupancy of the judiciary of a position above suspicion or reproach is to forbid such appearance *in toto.*"

In the case of *Evans v. Funk,* 151 Ill. 650, 38 N. E. 230, the Supreme Court of Illinois, construing a statute similar to the statute of Michigan, *supra,* held that a probate judge could not act as counsel in a suit in the circuit court. See, also, *Hobby v. Smith,* 1 Cow. (N. Y.) 588; *Wood v. Keith,* 60 Ark. 425, 30 S. W. 756; *Seymour v. Ellison et al.,* 2 Cow. (N. Y.) 13.

The doctrine announced by the Supreme Court of Florida, in the case of *Perry et al. v. Bush, supra,* appeals to us as being a sound exposition of the law; and, even though we had no statute prohibiting the judges of the courts of record in this state from practicing law during their term of office, this rule would be followed. But in the case under consideration the Legislature, by an explicit statute, which is quoted in full, *supra,* prohibits judges of the courts of record from practicing law in this state, whether in their own court or in other state courts. We do not feel that we can add anything to the authorities quoted and cited. It is sufficient to say that no conviction secured in the courts of this state, wherein the resident district judge has vacated the bench and become a special prosecuting attorney before a jury which was drawn and impaneled under his direction, and which has been accustomed to receive instructions and determine litigated questions before him, will be permitted to stand in this jurisdiction.

It appears from the record that the offense for which the plaintiff in error was on trial is alleged to have been committed in January, 1908. At that time, the punishment for conjoint robbery was life imprisonment. The Legislature, by the act of March 23, 1909 (Comp. Laws 1909, c. 12, art. 3), changed the punishment to a maximum of 50 and a minimum of five years in the penitentiary.

The Constitution provides that:

"The repeal of a statute shall not revive a statute previously repealed by such statute; nor shall such repeal affect any accrued

right or penalty incurred or proceedings begun by virtue of such repealed statute." (William's Const. sec. 144; article 5, sec. 54.)

Section 2815, Wilson's Rev. & Ann. St. 1903, provides:

"The repeal of any statute by the Legislative Assembly shall not have effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

This section of the statute has not been repealed nor modified, and is not in conflict with the constitutional provision, *supra*.

There is no issue raised by counsel in the case under consideration on this point, and the proposition has not been briefed by either side. But, in view of the fact that the record affirmatively discloses that the court gave in charge to the jury the punishment for conjoint robbery, as provided in the act approved March 23, 1909, *supra,* and, further, that this case is to be retried, the interest of the public demands that the proposition be determined.

Because of the fact that no brief has been filed, we shall not undertake a review of the authorities on the question, but *hold* that the district court of Lincoln county, upon a retrial of this case, should submit the punishment for conjoint robbery under the statute as it existed at the time the offense is alleged to have been committed. See *Ensley v. State,* 4 Okla. Cr. 49, 109 Pac. 250.

For the error committed by the trial court in permitting Judge Roy V. Hoffman, the regular judge of the district court of Lincoln county, to act as attorney on behalf of the state in the prosecution of the plaintiff in error in this case, the judgment is reversed, and the cause remanded, with direction to grant a new trial.

FURMAN, P. J., and DOYLE, J., concur.