## ALDRIDGE v. CAPPS.

No. 3688. Opinion Filed March 28, 1916.

(156 Pac. 624.)

1. **PROSECUTING ATTORNEYS—Private Practice.** It is not only against public policy, but a direct violation of section 1557, Rev. Laws 1910, for a county attorney to engage in the practice of law in civil cases, other than in such cases as it is by statute made his duty to act as attorney.

2. **SAME.** Where a county attorney is permitted, over the objection of his adversary, to appear and prosecute a civil action, other than such actions as his official duty requires him to act in, and secures a judgment, on appeal to this court the case will be reversed.

(Syllabus by Collier, C.)

*Error from County Court, Haskell County;*
*A. L. Beckett, Judge.*

Action by S. V. Capps against Jeff Aldridge. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*J. L. Lawrence,* for plaintiff in error.

*Duke Frederick,* for defendant in error.

Opinion by COLLIER, C. . This case originated in a justice court, where judgment was rendered in favor of the defendant in error against the plaintiff in error, from

which an appeal was taken to the county court of Haskell county by the plaintiff in error.

On the ———— day of October, 1911, said cause came on regularly to be heard in said county court of Haskell county, plaintiff appearing in person and by his attorneys, J. W. Frederick and A. C. King, and defendant appearing in person and by his attorney, J. F. Lawrence. Thereupon the defendant objected to J. W. Frederick's appearing in behalf of the plaintiff, for the reason that the said J. W. Frederick was the county attorney of Haskell county, Okla. The court refused to hear testimony offered by the defendant to show that said J. W. Frederick was county attorney of Haskell county, for the reason that the court took judicial knowledge of the fact, and overruled the objection. To which action of the court the defendant duly excepted. Mr. Frederick, as one of the attorneys of plaintiff, represented the plaintiff throughout the trial, and also accepted, as such attorney, together with King, service of the case-made, said acceptance being signed "Frederick & King, by J. W. Frederick."

Section 1557, Rev. Laws 1910, provides:

"The county attorney shall not engage in private practice of law.   *   *   *"

In *Lilly v. State*, 7 Okla. Cr. 284, 123 Pac. 575, Ann. Cas. 1914B, 443, it is held:

"An attorney at law, when elevated to the bench of any of the courts of record in this state, is prohibited from practicing law as an attorney, counselor, or advocate in any of the state courts, so long as he occupies such official position."

The statute prohibiting judges from practicing law in this state is no more mandatory than the statute pro-

hibiting county attorneys from practicing law in civil cases, and if a case should be reversed, as was done in the case of *Lilly v. State, supra,* because a district judge participated as an attorney in the trial, we are unable to see why a like rule should not be in force where, as in the instant case, the county attorney engaged in the trial in a court of record in the county of which he was such county attorney. In each instance there was a clear violation of a mandatory statute of this state, without excuse, and in this case against the express objection of the defendant. The right of the county attorney to practice law in private civil cases is hedged about by the prohibitory provision of said section 1557, *supra,* and therefore the county attorney is in the same position as to the practice of law in private civil matters as though he had never been admitted to practice law.

"The clerk of a court should not put on his docket the name of counsel not authorized to practice in that court." (Thornton on Attys. vol. 1, p. 109; *Thorn · v. Lawson,* 6 Tex. 240.)

"As a general rule, the court will not consider a brief filed by one who is not a licensed attorney, and such briefs may be stricken from the files." (Thornton on Attys. vol. 1, p. 109; *Duysters · v. Crawford,* 69 N. J. Law, 229, 54 Atl. 823; *Leaver v. Kilmer,* 71 N. J. Law, 291, 59 Atl. 643; *Ellis v. Bingham County,* 7 Idaho, 86, 60 Pac. 79.)

"An action instituted and prosecuted by a person who is not an attorney of the court may properly be dismissed, if no statute authorizes him to do such acts." (Thornton on Attys. vol. 1, p, 110; *Harkins v. Murphy,* 51 Tex. Civ. App. 568, 112 S. W. 136.)

The county attorney, to whom is intrusted the criminal affairs of the county, will probably exert a greater influence over a jury than a judge, from the fact that there

are liable to be members on the jury so desirous of procuring his good offices as to cause them to view his side of the case with especial favor, and thus prevent that fair and impartial trial to which every litigant is entitled. Certainly to permit the possibility of such partiality is against public policy, and in direct violation of a statute of this state. Regardless of the fact that such violation of said section 1557 does not render the county attorney liable to a fixed penalty for the violation of said law, we think the want of such penalty being fixed cannot be urged as warranting the violation of the statute.

In the case of *Bashford v. People,* 24 Mich. 244, Judge Cooley says:

"Whatever connected with a trial is forbidden on the grounds of public policy the party concerned may except to, and that he has the same right to insist upon his exception when it has reference to the branch of a rule prescribed for the direction of the highest officer of justice, as of one for the lowest. The correctness of motive, the high standing and upright character of the officer concerned, cannot be considered on such an exception, and consequently cannot be an answer to it."

In *Wood v. Keith,* 60 Ark. 425, 30 S. W. 756, it is held:

"The appearance of a circuit judge as counsel for a party in a cause wherein he was disqualified as judge by reason of having been retained as counsel before he was elected judge, is error for which the opposite party is entitled to a reversal, both because such appearance is against public policy and because it cannot be said that the party complaining has had an impartial trial of his cause."

There are several other errors assigned, which we deem unnecessary to consider.

This case should be reversed and remanded.

By the Court: It is so ordered.