## BANK OF BUFFALO v. VENN.

No. 8389—Opinion Filed March 5, 1918.

(171 Pac. 450.)

(Syllabus.)

**1. Justices of the Peace — Amount in Controversy — Items — Attorney's Fees.**

Where an action was brought to recover twice the amount of usurious interest paid on a loan and for an attorney's fee as provided by section 1006, Rev. Laws 1910, the attorney's fee is not to be taken into consideration in determining the amount in controversy, as such attorney's fee is recoverable, and must be taxed as part of the costs of the case.

**2. Appeal and Error—Reversal — Grounds.**

Where a judgment is manifestly right upon the record, the cause will not be reversed because the county attorney appeared as counsel for plaintiff, especially where no objection was made in the trial court to his appearance.

**3. Justices of the Peace — Time for Trial —Jurisdiction.**

A justice of the peace court does not lose jurisdiction of an action for failure to try the case on the return day at the hour fixed in the summons.

**4. Jury — Qualifications.**

Parties to an action have no vested right in any particular juror, and all that either can insist upon is that the jurors actually selected, to try the case shall be competent, disinterested, and selected according to law.

Error from County Court, Harper County; A. H. Walker, Judge.

Action by L. E. Venn against the Bank of Buffalo. From a judgment for plaintiff in the county court on appeal from justice's court, defendant brings error. Affirmed.

E. J. Dick, W. C. Lewis, and M. W. McKenzie, for plaintiff in error.

W. E. Morris and W. H. Springfield, for defendant in error.

HARDY, J. This was an action by L. E. Venn against the Bank of Buffalo to recover $151.20, alleged to be twice the amount of usurious interest paid to the bank by plaintiff on a loan to him, and for a reasonable attorney's fee and for costs. Judgment was rendered in plaintiff's favor in the justice court for the sum of $151.20, penalty on account of the usurious interest exacted and for an attorney's fee in the sum of $100 and for costs. The case was appealed to the county court and tried, and again resulted in a judgment in plaintiff's favor, from which the bank prosecutes error.

The amount sued for was within the jurisdiction of the justice of the peace. The jurisdiction of the justice court as fixed by section 18, art. 7, of the Constitution, includes all civil cases where the amount involved does not exceed $200 exclusive of interest and costs. Construing this provision, it has been held, in an action on a promissory note containing a provision for the payment of an additional amount as an attorney's fee, that the attorney's fee so provided for must be included in determining the amount in controversy. Miller et al. v. Mills et al., 32 Okla. 388, 122 Pac. 671; St. Paul F. & M. Ins. Co. v. Peck, 37 Okla. 85, 130 Pac. 805. The statute upon which this action is based provides that in all cases the prevailing party shall be entitled to recover, as part of the costs, a reasonable attorney's fee in a sum not less than $10 to be fixed by the court. Section 1006, Rev. Laws 1910. The attorney's fee in this case, not being provided for in the contract, and being expressly designated as part of the costs and recoverable as such, is by the constitutional provision excluded from consideration in determining the amount in controversy of which the justice court had jurisdiction.

The justice court did not lose jurisdiction because the case was not heard promptly. There is nothing in the statute which requires the justice to hear the cause within any specified time after the hour fixed in the summons. If by reason of a failure to take up the action for hearing within any specified time after the hour fixed in the summons the justice lost jurisdiction, interminable confusion would be created in all the justice courts in the state. Many times the justice would be engaged in the trial of another action, and would be compelled to suspend proceedings in the case then on trial and take up other matters, and it would often happen that a number of cases would be returnable at the same hour, and it would be an impossibility for the justice to hear all of them at once, and if the rule contended for was the law, he would lose jurisdiction in all cases except the one actually heard by him. Even if it were error for the justice to render default judgment without hearing evidence upon the merits of the controversy, that error cannot be urged because an appeal was prosecuted from the judgment of the justice to the county court where another trial was had.

No objection was made to Hon. W. E. Morris, county attorney, appearing as attorney for plaintiff. If objection had been made, it would have been error to permit him to

further appear. Aldridge v. Capps, 56 Okla. 678, 156 Pac. 624.

However, on the facts it appears but one judgment could have been rendered, and that the judgment in fact rendered was in accordance with the law and the evidence, and we would not reverse the cause for that fact alone when the judgment rendered was so manifestly correct.

The defendant had no vested right in any particular juror. All that it could insist upon was that the jurors actually selected to try the case should be competent, disinterested, and selected according to law, and it was not prejudicial error for the court to excuse the juror Newberry. City of Guthrie v. Shaffer, 7 Okla. 459, 54 Pac. 698; Cochran et al. v. United States, 14 Okla. 108, 76 Pac. 672; Boutcher v. State, 4 Okla. Cr. 576, 111 Pac. 1006.

There is no merit in the remaining contentions, and the judgment is affirmed.