## ALEXANDER v. SMITH.

No. 8039—Opinion Filed June 25, 1918.

(173 Pac. 648.)

**Appeal and Error—District and Prosecuting Attorneys—Right to Practice — County Attorneys—Objection.**

Section 1557, Rev. Laws 1910, disqualifying county attorneys from engaging in the practice of law in civil cases other than those made by statute his duty to act as attorney, may be waived by the opposing parties, and, if litigants desire to take advantage of this statute, they must do so at or during the progress of the trial, and not wait until an adverse verdict is returned against them, and then for the first time urge this objection upon appeal.

(Syllabus by West, C.)

Error from County Court, Payne County; W. R. Jones, Judge.

Action by Bell Smith against J. A. Alexander. Judgment for plaintiff, and defendant brings error. Affirmed in part, and reversed in part.

Thomas A. Higgins and Sylvester J. Berton, for plaintiff in error.

Opinion by WEST, C. This cause was originally begun in a justice court of Payne county, Okla., against defendant in an action in replevin to recover possession of a cow and yearling and $20 damages. The parties will hereinafter be referred to as they appeared in the court below. Cause was appealed to the county court. Judgment had for plaintiff for possession of cow and yearling and $20 damages. To reverse this judgment defendant appeals and urges eight assignments of error, which may be considered under three propositions: (1) They complain that the county attorney of Payne county participated in the court below. (2) They complain of the court's main charge and his refusal to give certain requested instructions. (3) That the evidence was not sufficient to sustain that part of the verdict

giving plaintiff judgment for $20 damages.

Upon the first proposition it appears that no objection was lodged in the trial of the cause below to the appearance of the county attorney as one of the attorneys for plaintiff, and that the first time this objection was raised was in motion for new trial. If this objection had been made at the commencement of the trial, it would have been effectual to have compelled a reversal of this cause, but, inasmuch as the defendant made no objection until a verdict had been rendered against him, we are of the opinion that the doctrine announced in case of Aldridge v. Capps, 56 Okla. 678, 156 Pac. 624, would not apply.

It is true that the statute prevents the county attorney from participating in the trial of civil cases except what are generally excepted, and the instant case does not come within the exception. However, we are of the opinion that this could be waived, and is was said in Ky v. Roelzel, 64 Okla. 36, 165 Pac. 1150:.

"Litigants should not be permitted to try a case without objection before a special judge, taking chances upon the outcome of the trial, with the intention of availing themselves of the benefits incident to a favorable result, and at the same time be accorded the right to question the validity of such proceedings should an adverse verdict be rendered."

In the instant case the county attorney was not the sole counsel for defendant, and does not appear to have been the leading counsel, and while it is true that the county attorney, to whom is directed the criminal affairs of the county, might probably exert a greater influence over a jury than some one not holding an official position, however, if litigants desired to take advantage of this statutory provision they ought to do so at or during the progress of the trial, and not be allowed to wait until an adverse verdict is returned against him, and then for the first time urge this objection upon appeal.

Considering the second proposition as to the instructions of the court, will say that we have examined the court's main charge and the requested instructions. We are of the opinion that the court fairly stated the law to the jury in his main charge, and it was not reversible error for him to refuse to give the requested instructions, some of which were in point but which were fairly covered by the main charge.

As to the third proposition, namely, the absence of evidence to support the part of

the judgment for damage, we are of the opinion that this proposition is well taken; that the evidence fails to sustain the judgment for damage in any amount. There is no witness for plaintiff nor defendant who testifies as to any damage or the amount of same.

It therefore appears that the judgment should be modified so as to eliminate that part of it. The judgment for the possession of the cow and yearling and for costs is affirmed, and that part for $20 damages is vacated and set aside.

By the Court: It is so ordered.