### EDEN v. BEAMAN.

No. 21947.    Jan. 30, 1934.

Rehearing Denied March 27, 1934.

M. E. Becker, for plaintiff in error.

Ross Rizley, for defendant in error.

BAYLESS, J. M. T. Beaman, plaintiff below, recovered judgment in the district court of Cimarron county, Okla., by a verdict of a jury against O. W. Eden, defendant below. O. W. Eden appealed,

The petition in error specifies six assignments of error, but the defendant says in his brief:

"Owing to the peculiar circumstances involved in the case at bar, it is neither necessary nor expedient to submit authorities or to argue any assignments of error save and except paragraphs number five (5) and six (6), of the petition in error herein, to wit: 'The court erred in failing to take judicial notice of the disqualification of I. E. Hill, county judge of Cimarron county, Okla., who appeared therein as attorney for defendant in error, from appearing in any court of record in this state for any litigant, unless said cause was pending prior to his taking the oath of office as such county judge.' And, 'The court erred in permitting said cause to proceed to trial for the reason that defendant in error was not represented by an attorney at law, as required by law'."

This is the only question argued and the only one we will notice.

We have heretofore held that a district judge (Lilly v. State, 7 Okla. Cr. 284, 123 P. 575) and a county attorney (Aldridge v. Capps, 56 Okla. 678, 156 P. 624) are disqualified, by reason of their official position, under the statutes of the state of Oklahoma, to practice law, and upon objection of the opposing party it is the duty of the trial court to refuse them permission to appear. The question of unfinished business does not appear to have been involved in those cases, or in this case, and such point plays no part in this opinion.

By the provisions of article 7, sec. 11, of the Constitution of the state of Oklahoma, the county courts of the state of Oklahoma are courts of record, and among the requisite qualifications for holding the office of county judge is that of being a lawyer. Section 4199, O. S. 1931, provides:

"No person shall practice as an attorney and counselor at law * * * who holds a commission as judge of any court of record. * * *"

Under the provisions of this section of the statutes, the Constitution of the state of Oklahoma, and by the analogy of the case, supra, applying to district judges, we hold that a county judge is likewise disqualified to practice law; and is subject to the same objection on the part of the opposing party.

However, we find that we have held in Alexander v. Smith, 70 Okla. 204, 173 P. 648, and Bank of Buffalo v. Venn, 68 Okla. 43, 171 P. 450, that such objection on the part of the opposing party must be made sometime during the trial of the cause, and where such objection is raised for the first time in the motion for new trial, it is made too late. We have examined the record in this case, and do not find that the defendant objected to the appearance of the county judge of Cimarron county as attorney for the plaintiff in the trial of the case below until he prepared and filed his petition in error in this court. It, therefore, is made too late. In this connection, the defendant calls to our attention a certain question which he asked in the course of the cross-examination of the plaintiff which he says was designed to serve as an objection to the appearance of such county judge as the plaintiff's attorney. We have examined this portion of the record, and if this question was designed for that purpose, it is only preliminary at best, and when the trial court prevented it being answered, no exception was taken to his action, nor was the matter pursued further. There are other defenses pleaded to which this isolated question may well have applied. Standing alone it means nothing. In the body of the defendant's brief he admits that no formal objection was taken, but says further it was unnecessary. In view of our interpretation of the record and this admission, we must hold that no proper objection to the appearance of the county judge as plaintiff's attorney was taken at any time during the trial of the case.

What we said in the case of Alexander v. Smith, supra, when we quoted from the case of Kelly v. Roetzel, 64 Okla. 36, 165 P. 1150, as follows:

" 'Litigants should not be permitted to try a case without objection before a special

judge, taking chances upon the outcome of the trial, with the intention of availing themselves of the benefits incident to a favorable result, and at the same time be accorded the right to question the validity of such proceedings should an adverse verdict be rendered' "

—is the controlling consideration in this matter. The rule which prevents a litigant gambling with a situation, hoping for a favorable verdict, but intending to appeal upon undisclosed grounds from an adverse verdict, is condemned, not only in this connection, but in all others.

What we have just previously said is applicable to the defendant. We do not intend for our opinion in this case to condone the acts of those prohibited by section 4199, O. S. 1931, in practicing law.

This being the only error presented and argued, all others having been abandoned, the judgment of the trial court is affirmed.

We note from the brief of the defendant in error that he asks, in addition to affirmance of the judgment, judgment against J. E. Barbour and W. S. Spence, sureties upon the supersedeas bond herein; and, acting upon this motion and the affirmance of the judgment of the trial court, judgment is accordingly rendered upon the supersedeas bond against J. E. Barbour and W. S. Spence, sureties thereon, for the amount of $404.02, together with interest thereon at 6 per cent. per annum from June 19, 1930, until paid, and all costs of the action; and the district court of Cimarron county is directed to enter judgment in accordance herewith upon its record and to permit plaintiff to have his relief thereon.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.