**PRYOR v. STATE ex rel. CAMP.**

No. 23158.   Nov. 20, 1934.

Rehearing Denied Dec. 11, 1934.

John W. Tillman and Fred A. Tillman, for plaintiff in error.

C. K. Templeton, Co. Atty., Earl Infield, Asst. Co. Atty., and L. A. Justus, Jr., for defendant in error.

PER CURIAM. The record in this case is not in very satisfactory shape. Objection aptly urged might have resulted in dismissal. In the absence of any assault of this kind we have chosen to finally dispose of the case on its merits, having in mind that the result to the appellant is, in either event, the same.

On June 28, 1929, information was filed by James P. Devine, county attorney, in the county court of Osage county, being No. 6, bastardy, charging defendant Antwine Pryor as the putative father of a child by Thelma Camp, by intercourse on June 10, 1928, resulting in the child born February 9, 1929. Hearing July 9, 1931.

The then judge of the county court, Henry Wood, disqualified, and counsel for the parties agreed upon Donald Waide as special judge to try the case.

Jury trial and verdict of guilty, from which error is prosecuted.

Plaintiff in error, in the brief, urges only four assignments, which we are taking as waiver of others not logically covered thereby.

First assignment of error reads as follows:

"That the special judge selected to try said cause did not at any time receive the oath of office as such special judge from the clerk of the court nor did he ever take or subscribe the oath of office prior to the trial of the cause in the manner and form provided by law."

The statute, section 784, C. O. S. 1921 (sec. 533. O. S. 1931), prescribes that the case-made shall contain "a statement of so much of the proceedings and the evidence, or other matters in the action, as may be necessary to present the error complained of to the Supreme Court.

This requires, and it has been repeatedly so held, that a statement of the proceedings, exhibiting the alleged error, if any, is sufficient. St. Louis & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 P. 610, and others.

The record, being examined, discloses this statement:

"Thereupon Donald Waide was duly sworn to act as special judge, by Henry Wood, county judge of Osage county, state of Oklahoma."

There is no other statement, recital or transcript in the record relating to the point, and the statement that the judge was duly sworn to act as judge makes the first assignment of error untenable.

While the above disposes of the first assignment of error, it might not be amiss to call attention to Eden v. Beaman, 167 Okla. 525, 30 P. (2d) 899, and cases therein cited; Kelly v. Roetzel, 64 Okla. 36, 165 P. 1150, and quotations therefrom in Eden v. Beaman, supra. Also, Alexander v. Smith, 70 Okla. 204, 173 P. 648-649, and Bank of Buffalo v. Venn, 68 Okla. 43, 171 P. 450, wherein it is pointed out that such an objection must be raised in apt time. Two of the foregoing cases hold that it must be raised during trial of the cause and before motion for new trial; other cases are to effect that one cannot await the result and then raise such objection.

Second assignment of error:

"That the verdict of the jury is wholly and entirely void and clearly against the weight and preponderance of the testimony."

There is no fact called to our attention showing why the verdict of the jury is void, except as against the weight of the evidence. Such a charge in such a case is challenging, and we have painstakingly gone through the record checking the testimony.

The fact that the jury found against the defendant concludes upon the weight of the testimony, as there is sufficient evidence reasonably tending to support it. The evidence of the relatrix is positive and definite, and sufficient, we think; and the jury found it to be true.

Her evidence is corroborated in some circumstances by the defendant's evidence. The weight and credibility was for the jury.

It being sufficient to sustain the verdict, we hold that the second assignment of error cannot be sustained.

Third assignment of error:

"That the court erred particularly in refusing to admit certain evidence offered on behalf of the defendant which was entirely competent, relevant, and material upon which an offer of proof was duly made."

Considering the questions asked the witnesses, and the offers of proof as to her general bad reputation, excluded, and which are complained of, it is abundantly clear that the testimony sought was as to the general moral character, or chastity, of the relatrix, and in view of character of the case and the evidence already admitted, we think there was no reversible error in excluding same.

Evidence of the general character of com-

plainant for chastity previous to her connection with respondent was and is inadmissible. Paul v. Padelford, 16 Gray (Miss.) 263.

"Evidence of the unchastity of the complainant in a bastardy proceeding, outside the period of gestation, whether in the nature of proof of her improper conduct or of her general reputation for chastity, is irrelevant to the issues presented for trial. Davison v. Cruse (Neb.) 66 N. W. 823.

The inquiry is limited "to her general reputation for truth and veracity." Morse v. Pineo, 4 Vt. 281.

"The accused cannot be allowed to impeach the reputation of the prosecutrix for chastity." Bookhout v. State, 66 Wis. 415, 28 N. W. 179.

"Such is not the law. As against her, all acts of intercourse with others, if any have occurred, must be limited to the period of gestation. This is so, whether they are sought to be elicited from her on her cross-examination or are attempted to be shown by independent evidence." Citing State v. Hammond (Utah) 148 P. 420; Holcomb v. People, 79 Ill. 409; Sang v. Beers, 20 Neb. 374, 30 N. W. 258; Masters v. Marsh, 19 Neb. 458, 27 N. W. 438.

"Evidence to impugn the character of a witness is commonly to be confined to his general character for veracity. In the case of Com. v. Murphy, 14 Mass. 387, the inquiry was further extended; but public justice does not require a still greater relaxation of the general rule. Besides, the evidence rejected was immaterial, the witness's character for chastity being sufficiently impeached by her own confession, so that if the evidence had been admitted, it would have made no difference in the verdict." Com. v. Moore, 3 Pick. (Mass.) 194.

See, also, Jones, Commentaries on Evidence, vol. 1, p. 786, par. 153:

This seems to us to be the approvable law, and the questions excluded and evidence rejected do not come within these rules.

It also was cumulative, as the jury was adequately apprised. There was some improper evidence, and much improper inquiry, in the proceedings, but the defendant is not in position to complain thereof.

Fourth assignment of error:

"That said verdict was the result of passion and prejudice and was not the calm and deliberate judgment of the jurors."

Examination of record discloses no appearance of passion or prejudice on the part of the jury; nor does it show any of the alleged passionate arguments of counsel for the state, as none of it is preserved in the record. The jury was polled upon the return of verdict, and they individually responded, affirming their verdict. We hold this assignment should be not sustained.

We have carefully examined this record, and are satisfied that the defendant, plaintiff in error, has not been deprived of any of his constitutional or statutory rights, and that this cause was properly decided.

It having been brought to the attention of the court that a supersedeas bond for $1,-500 has been given by plaintiff in error, with Robert Stuart and C. T. Evertson as sureties, copy whereof is shown in the case-made, and upon which defendant in error prays judgment, this motion should be and is sustained, and judgment is hereby rendered on said supersedeas bond against the makers thereof.

Judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys E. E. Blake, Earl Foster, and Crawford D. Bennett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blake, and approved by Mr. Foster and Mr. Bennett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.